# Ala. Fertilizer Company *v.* Reynolds & Lee.

*Action against Partners, on Note of Partnership.*

1. *Liability as partner.*—A person becomes liable as a partner to third persons, (1) when he is a partner in fact by express agreement, or (2) when he permits himself to be held out to the public as a partner; but, in the latter class of cases, which are founded on the principle of estoppel *en pais*, there is no liability in favor of a person who had notice of the real facts, and was therefore not misled to his prejudice.

2. *Same; notice as to nature of partnership business, and extent of partner's authority.*—Where two persons are engaged as partners in the sale of fertilizers on commission, neither partner having authority to purchase on credit in the firm name, for re-sale; and a purchase is thus made by the active partner, in the firm name, from a person who had knowledge of the actual partnership and the nature of its business; this is sufficient to charge him with equal notice, on a second sale twelve months afterwards.

3. *Charge misleading jury.*—A charge which calls on the jury to institute a comparison between the probative force of the testimony of different witnesses, equally credible, and having equal means of knowledge, is calculated to confuse and mislead them, and is properly refused.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by the appellant, a domestic corporation, against John A. Reynolds and R. M. Lee, as partners composing the firm of Reynolds & Lee; and was founded on three promissory notes signed in said partnership name, at Clayton, Alabama, on the 1st May, 1884, and payable to the order of the plaintiff, at the First National Bank of Montgomery, on the 15th October, November and December, respectively, 1884. The plaintiff was engaged in the manufacture and sale of commercial fertilizers, at Montgomery; and the firm of Reynolds & Lee was engaged in business at Clayton. The notes were given, and the partnership name signed to them by Lee, on the purchase of a large quantity of fertilizers from plaintiff, payable as shown by the maturity of the notes; the terms of the sale being particularly specified in a written instrument, which was signed by J. R. Rogers as president of said corporation, C. P. Storrs, "general sale agent," and Reynolds & Lee. Reynolds denied his liability as a partner, under a special plea of *non est factum;* and the jury returned a verdict in his favor on this issue. The material facts are stated in the opinion of the court. See, also, the former report of the case. The matters now assigned as error are, the giving of several charges asked by defendant, and the refusal of several charges asked by the plaintiff, to which exceptions were duly reserved.

Charges given at instance of defendants, and excepted to:

(1.) "If the jury believe from the evidence that the contract or agreement between Reynolds and Lee was, that fertilizers should be sold by them solely on commission, and that neither of them nor the firm should have power to make any purchase; and that the only benefit or interest Reynolds had in the venture of Reynolds & Lee was, that he should have what fertilizers he desired for his own use, without a discount of the commissions from the price; then there was no partnership in fact, or *inter sese,* between Reynolds and Lee."

(2.) "If the jury believe from the evidence that the plaintiff, through its agent, Storrs, or its president, Rogers, either of them, received notice from Reynolds and Lee, one or both, before the sale of the fertilizers which constitutes the consideration of the notes sued on, that Reynolds had no interest or benefit in the adventure of Reynolds & Lee, except that he should have or get what fertilizers he desired

[Ala. Fertilizer Co. v. Reynolds & Lee.]

for his own use, with a discount of the commissions from the selling price, and that the adventure of Reynolds & Lee was wholly for the purpose of selling fertilizers on commission, and not otherwise; then the jury can not find a verdict for the plaintiff, as against Reynolds."

(3.) "If the business of Reynolds & Lee was formed to carry on the sale of guano on commission only; and C. P. Storrs, as plaintiff's agent, received notice from Reynolds of the character of the business, and the extent of Reynolds' interest, before he sold guano to said Lee; and Lee bought the guano without the knowledge or consent of Reynolds; then plaintiff can not recover of Reynolds, if the jury find that the notes sued on were signed by Lee, in the firm name, without the knowledge or assent of Reynolds."

(4.) "If Storrs was informed by Reynolds, while on the train together, that their business was only a commission business, this was notice to said Storrs of the character of the partnership; and in dealing with the firm afterwards, Storrs had notice of the character of the business, if the evidence shows that the business was held out and published as before."

(5.) "If, at any time prior to the purchase of the guano, Storrs received notice of the character of the business, this notice continued, if the business was carried on in the same general manner as before."

Charges asked by plaintiff, and refused by the court:

(1.) "The burden of proving notice to plaintiff that Reynolds was not to be bound as a purchaser of the fertilizer, is on said Reynolds; and if the witnesses are equally credible, and their evidence is at direct variance as to the fact whether such notice was given or not, then said Reynolds has not proved such notice, and plaintiff is entitled to recover."

(2.) "If the jury believe from the evidence that the firm of Reynolds & Lee had been engaged for two years, under the active management of Lee, in buying and selling guano on the firm account; it is too late for Reynolds to allege that the legitimate business of the firm was confined to selling on commission, and that guano had been bought without his knowledge or consent."

(3.) "If the jury believe from the evidence that Reynolds, either by design or negligently, allowed the use of his name in the firm by Lee, in the business of buying and selling guano in Clayton, for one or two years; and that

the plaintiff was induced to give credit to such firm, because Reynolds was a member of it; then Reynolds is liable for the debt plaintiff claims of the firm, although the jury may find from the evidence that Reynolds had, at one time, notified plaintiff that he was not to be bound for liabilities of the firm incurred in a commission guano business."

(4.) "If the witnesses who gave testimony as to whether or not notice was given limiting the liability of Reynolds, are equally credible and honest, and are in direct conflict in their evidence on that point; then Reynolds can not be said to have proved that such notice was given, the burden of proving notice being on him."

(5.) "To establish a fact in a civil cause, the proof of it must not only slightly overbalance the proof against it, but must so greatly overbalance it as to reasonably and fairly show that it outweighs it; and if the testimony of Reynolds not being a partner does not clearly outweigh the testimony that he was, and leave the minds of the jury satisfied that he was not a partner with Lee when he (Lee) signed the notes sued on, their verdict must be for the plaintiff."

J. N. WILLIAMS, for appellant.

J. M. WHITE, and H. D. CLAYTON, Jr., contra.

SOMERVILLE, J.—One may become liable to third persons as a partner in either of two ways: (1) he may actually be a real partner by express agreement; or (2) he may, although no actual partnership exists, permit himself to be held out to the public as a partner, by the use of his name. In the former case, he is liable on all contracts made by any individual member of the firm, in the partnership name, and coming within the partnership business.—*Clark v. Taylor*, 68 Ala. 453; *Ala. Fertilizer Co. v. Reynolds & Lee*, 79 Ala. 497. In the latter case, whether the use of the name is permitted expressly, or by culpable negligence, he is liable, as a partner, for all debts contracted, within the scope of the partnership business, by persons who deal with the firm upon the faith of this fact, and in reasonable reliance upon the honest belief of the authority of the contracting partner to bind the firm.—*Humes v. O'Bryan*, 74 Ala. 64, 82; *Nicholson v. Moog*, 65 Ala. 471.

The principle upon which the latter class of liabilities is permitted to be fastened upon one, who is in fact *not* a part-

ner, is analogous to that of an estoppel *en pais*; and "there can be no such estoppel in the absence of one's being misled to his prejudice by a supposed fact, either positively asserted, or tacitly admitted by the party whom he seeks to hold liable."—*Marble v. Lypes*, 82 Ala. 322.

From these settled principles it necessarily follows, where there is no actual partnership, and no express authority to bind one as defendant, sought to be charged by a given contract, it becomes entirely immaterial that he may have negligently permitted himself to be held out as a partner in a certain business, if the person extending credit to the firm had *timely notice* of the fact that the defendant was not really a partner, and he did not, therefore, deal with the alleged firm in ignorance of the true relationship of its members. Where such notice exists, there can be no estoppel, because the plaintiff can not be presumed to have been misled, or injured by contracting the debt upon the faith of a supposed fact which he had been notified *did not exist*. *Marble v. Lypes*, 82 Ala. 324, *supra; Ala. Fertilizer Co. v. Reynolds & Lee*, 79 Ala. 504.

The evidence shows, without conflict, that the defendants, Reynolds and Lee, in the year 1880, associated themselves together in the sale of commercial fertilizers *on commission*, and that the only benefit or interest Reynolds had in the business was, that he should have what fertilizers he should desire for his own use, without a discount from the price of any commissions for selling. There was on his part no community of losses and profits. When the case was last before us on an appeal, we held, that, under this state of facts, there was no partnership *inter se* between the defendants. And we also decided, that the authority to carry on the business of commission-merchants, engaged only in the business of selling for others, would not, as between themselves, confer the power on one partner to bind the partnership by purchasing fertilizers on a credit in the firm name—such a transaction being outside of the scope of that particular kind of business.—*Ala. Fertilizer Co. v. Reynolds & Lee, supra.*

It is shown that the commission business was carried on, under this arrangement, until November 17th, 1882, when Lee made the first purchase of fertilizer from the plaintiffs, in the partnership name. There is no evidence that Reynolds had any knowledge of this transaction, which, as we have said, was a departure from the recognized scope of the

ordinary business of commission-merchants. But the evidence tends also to show that, prior to this, the plaintiff had *notice* of the fact, that the business authorized to be carried on by Lee was only selling on commissions, and that Reynolds had no interest in it as an actual partner. As to the fact of notice, however, the evidence is conflicting. The indebtedness arising from this purchase was settled by Lee, without the knowledge of Reynolds, except a small balance, which was carried forward and included in the amount here sued for. This amount is for a second purchase of commercial fertilizer, from the plaintiff, made on January 1st, 1884, for which Lee, as before, executed the notes of Reynolds & Lee. The undisputed evidence is, that Reynolds knew nothing more of this transaction than he did of the first; that he had never authorized the purchase, and that he had no knowledge of the fact that the goods thus bought were afterwards sold in the partnership name as their property, and not on commission.

It is insisted that the notice given in 1882 to the plaintiff, through its agent, Storrs, was notice only of the business then being carried on, and of Reynolds' limited interest in the firm at that time; and, admitting that it was given as alleged, it could not operate as notice in the matter of the second purchase, which occurred more than thirteen months after the first purchase. This contention is untenable. It is undisputed, that there was no actual partnership of any kind between the defendants themselves, and that Lee had no actual authority to make either of these purchases from the plaintiff on partnership account, so as to bind Reynolds. The only ground upon which the liability is attempted to be sustained, is an apparent authority inferrible from the culpable silence, and the presumed knowledge of Reynolds touching these transactions with the plaintiff, by reason of which the plaintiff was misled into making the sale under the mistaken belief that Reynolds was legally responsible as a partner, express or implied. It does not appear that any purchases beside these two—the one in November, 1882, and the other in January, 1884—were ever made at any time, either from the plaintiff, or from any other dealer. If the plaintiff had notice of Lee's want of authority to make the first purchase, this was sufficient to put its officers and agents on inquiry, if not to impute to them knowledge as to the non-existence of such authority; and this inquiry, if followed up with proper diligence, must have disclosed the fact, that

[Seelye v. Smith.]

there was equally an absence of authority to make the second purchase here in controversy.

Under a proper application of these principles, it is obvious that the Circuit Court did not err in giving the written charges, numbered from one to five, requested by the defendants; nor in refusing the charges numbered two, three and five, requested by the plaintiff.

· The first and fourth charges requested by the plaintiff, called on the jury to institute a comparison between the probative force of the testimony of different witnesses, examined on the trial, who were assumed to be equally credible; and they were properly refused, because calculated to confuse and mislead the jury. We emphasized our disapprobation of such charges when this case was last before us.—*Ala. Fertilizer Co. v. Reynolds & Lee*, 79 Ala. 504.

The seventeen charges given by the court at the request of the appellant, have no proper place in this record. Only those charges should be inserted in bills of exceptions to which an exception was taken. We have often before had occasion to condemn this practice, as one tending to render the record confused and unnecessarily voluminous. ,

The rulings of the Circuit Court are free from error, and the judgment must be affirmed.

CLOPTON, J., not sitting.