# Levy & Co. *v*. Alexander.

*Action on Common Counts, for Goods Sold and Delivered*

1. *Articles of partnership construed.*—Under written articles of partnership signed by D. C. A. and A. D. A. only, and containing these stipulations: (1) that the capital stock of the firm shall be $1,500; (2) that each of said partners shall pay an equal part of the necessary expenses in carrying on the business; (3) that said partners "agree and hereby promise to pay J. D. A. one-third of the net profits of said mercantile business for the use of his storehouse, trade and influence, and for the loan of $500, and more if he thinks it advisable;" (4) "that the remaining two-thirds of the net profits shall be divided between the said partners, D. C. A. and A. D. A., share and share alike;" and (5) "that neither partner shall draw any money from the partnership funds, nor contract any debt against the firm, without the consent of the other partner;"—J. D. A. does not appear to be a partner.

2. *Liability as partner to creditors.*—A person may be liable as a partner to creditors of the partnership, although he was not a partner in fact; but, to render him so liable, it must be shown that he was held out to the public as a partner with his knowledge and consent, and that the creditor contracted with the partnership on the faith and belief that he was a partner.

APPEAL from the Circuit Court of Marengo.
Tried before the Hon. WM. E. CLARKE.
This action was brought by A. G. Levy & Co., against

D. C. Alexander, A. D. Alexander, J. D. Alexander, and J. T. McDonald, "late partners under the name and style of D. C. Alexander & Co.;" and was commenced on the 1st February, 1888. The complaint contained two counts, the first claiming $163.95, "due by account stated between plaintiffs and defendants on the 20th December, 1887;" and the second $155 "due by account for goods sold and delivered by plaintiffs to defendants on the 21st August, 1886." J. D. Alexander filed a special plea, denying that he was ever a member of the firm of D. C. Alexander & Co., and issue was joined on that plea. On the trial, as the bill of exception shows, the plaintiffs introduced evidence tending to show that said J. D. Alexander was a partner in the firm under the written articles of partnership, and had been held out to the public as a partner with his knowledge and consent. It was admitted that the written articles were deposited with said J. D. Alexander at the time the partnership was formed, and that the original was lost; and said J. D. Alexander, testifying for himself, produced an alleged copy, which he said was correct in every particular, and which was in these words :

"Articles of partnership between D. C. Alexander and A. D. Alexander, in the mercantile business at Fairview, near Faunsdale, Alabama. (1.) The capital stock of said firm is to be $1,500. (2.) The said partners agree to pay equal amounts of the necessary expenses in carrying on said business. (3.) It is further stipulated and agreed that said partnership shall continue at the pleasure of the partners. (4.) The said partners, D. C. Alexander and A. D. Alexander, agreee and hereby promise to pay J. D. Alexander one-third of the net profits of said mercantile business, for the use of his storehouse, trade and influence, and for the loan of $500, and more if he think it advisable. (5.) It is further agreed and stipulated, that the remaining two-thirds of the net profits shall be equally divided between the said partners, D. C. Alexander and A. D. Alexander, share and share alike. (6.) It is further agreed and stipulated, that neither partner shall draw any money from the partnership funds, nor contract any debt against the firm, without the consent of the other partner. (7.) It is further agreed that the firm name shall be D. C. Alexander & Co. (8.) It is further agreed and stipulated, that if any controversy arise between said partners, in relation to the partnership business of the same, it shall be settled by reference to arbitrators." (Signed by D. C. Alexander and A. D. Alexander, and attested by a witness, but without date.)

[Levy & Co. v. Alexander.]

"The plaintiffs introduced evidence tending to show that said writing, *Exhibit A*, was not a true copy of the original contract of partnership; that the original made no mention of $500 loaned to said firm by J. D. Alexander, and he did not in fact, at any time, lend $500 to said firm, or to the other members thereof, but contributed to said partnership one-third of the net capital stock, or $500;" also, that the books of the firm were open to his inspection, and were frequently inspected by him; that trial balance-sheets were sent to him monthly, as to the other partners; that he some-times ordered goods for the firm; that in the Fall of 1886 "he gave his one-third interest to said McDonald, who was his son-in-law, and who added nothing to the strength or capital of the firm, but simply took the place and the inter-est of said J. D.;" and that afterwards, at the instance of said J. D. Alexander, the books of the firm were changed, so as to show that the $500 entered to his credit as capital stock was a loan.

On this evidence, the court charged the jury: "The only issue in this case is, whether J. D. Alexander was a partner in the firm of D. C. Alexander & Co. at the time the claim sued on was contracted. It is conceded that the partner-ship was formed by a contract in writing, and that such con-tract is lost; and plaintiffs and defendants each have offered parol evidence of its contents. The defendant offers the paper marked *Exhibit A* as a copy of the original contract, to show that he was not a member of said firm; and I charge you that it does not make him a partner." The defendant excepted to this charge, and also to the refusal of the fol-lowing charges, which were asked by him in writing: (1.) "If the jury believe from the evidence that *Exhibit A* is a true copy of the articles of partnership, then J. D. Alexander was a co-partner in said firm of D. C. Alexander & Co." (2.) "If the evidence shows that J. D. Alexander was, with knowledge and consent, held forth to the public as a partner in the firm of D. C. Alexander & Co., then he may be charged as a partner with the plaintiffs' debt."

The charge given, and the refusal of the charges asked, are the only matters assigned as error.

GEO. B. JOHNSTON, for appellants.—(1.) J. D. Alexander was a partner in fact of the firm of D. C. Alexander & Co., even if *Exhibit A* be held a true copy of the articles of part-nership, and certainly under the oral evidence adduced. *Emanuel v. Draughn*, 14 Ala. 303; *Moore v. Smith*, 19 Ala. 774; *Howze v. Patterson*, 53 Ala. 205; *Couch v. Woodruff*,

63 Ala. 466; *McDonnell v. Battle House Co.*, 67 Ala. 90; *Tayloe v. Bush*, 75 Ala. 432; 2 W. Bla. 998; Coll. Partnership, 44; *Scott v. Campbell*, 30 Ala. 728; *Meaher v. Cox, Brainard & Co.*, 37 Ala. 201; 45 N. Y. 797, or 6 Amer. Rep. 177. When one lends money to a partnership, agreeing to receive a share of the net profits of the business as compensation for it, he becomes liable as a partner to creditors of the firm.—*Parker v. Canfield*, 37 Conn. 250, or 9 Amer. Rep. 317; *Loomis v. Marshall*, 12 Conn. 69; 53 Wisc. 260, or 40 Amer. Rep. 770; 58 N. Y. 272, or 17 Amer. Rep. 244; 17 Wisc. 140; 20 Wisc. 117; 42 Wisc. 85; *McGovern v. Madison*, N. Y., 22 N. E. Rep. 398; *Hackett v. Stanley*, N. Y., 22 *Ib.* 245. (2.) Although J. D. Alexander may not have been a partner in fact, he rendered himself liable as a partner to creditors of the firm.—*McDonnell v. Battle House Co.*, 67 Ala. 91; *Bush v. Tayloe*, 75 Ala. 432.

Jno. C. Anderson, J. W. Bush, Geo. W. Taylor, and Pitts & Harwood, *contra.*—(1.) The written articles of partnership, shown by *Exhibit A*, were signed only by D. C. and A. D. Alexander, and show no interest or liability on the part of J. D. Alexander as a partner.—Bates on Partnership, § 17; *Tayloe v. Bush*, 75 Ala. 436. (2.) J. D. Alexander was not liable to plaintiffs as a partner, unless they contracted with the firm in the belief, induced by his conduct, that he was a partner.—85 Ala. 19; 86 Ala. 305.

COLEMAN, J.—If J. D. Alexander was a party to the instrument offered in evidence, the argument of appellant to show that its terms are of such a character as to constitute him a partner in favor of creditors would be in point, and entitled to consideration. The construction of this instrument by the court did not exclude from the jury the consideration of other evidence, which tended to show that J. D. Alexander was a member of the firm of D. C. Alexander & Co. Neither was there any error in the charge of the court which construed and declared the legal effect of the instrument offered in evidence as a copy of the original copartnership agreement. The testimony without dispute showed that the corpartnership agreement was in writing, and that the original had been lost. The testimony of the defendant tended to show that exhibit "A" was a true copy of the original agreement, and the testimony of the plaintiffs tended to show that it was not, and that it had other provisions. The charge of the court was simply to the effect, that "Exhibit A," of itself, did not constitute J. D.

[Ala. Mineral Land Co. v. County Commissioners of Perry.]

Alexander a partner. Of the correctioness of this charge there can be no doubt. Standing by itself, and construed alone, that agreement was no more binding upon J. D. Alexander, than it was upon his counsel. As to him, it was strictly *res inter alios acta;* and if there was no other understanding to bind J. D. Alexander as a partner, it could not be said in any sense that he was, *inter sese,* a partner. The first charge requested by plaintiff was properly refused.

Where one permits himself to be held out as a partner, and persons contract with the firm upon the supposed fact that he is a partner, he makes himself liable as such, whether in fact he be a partner or not; but, if the evidence shows that credit was given to the partnership in ignorance of this fact, and not upon the supposition or faith that he was a partner, then no such liability arises.—*Ala. Fer. Co. v. Reynolds,* 85 Ala. 23. The second charge asked by appellants, and refused by the court, is erroneous for two reasons. *First,* it seeks to fasten a liability upon J. D. Alexander, if he was held out to the public as a partner, whether it was done with *his* knowledge and consent, or without it. It must be done with his knowledge and consent, to render him liable. *Second,* because there is no evidence in the record to show that plaintiffs debt was contracted upon the faith that he was a partner, or that such information was ever conveyed to plaintiffs until after their debt was contracted. We have seen that the credit must be given upon the faith that he was a partner.

There is no error in the record. Affirmed.