# Alexander *v.* Handley, Reeves & Co.

*Action on Common Counts, for Goods Sold and Delivered.*

1. *Proof of partnership; opinion of witness.*—Strangers to a partnership, to establish its existence, may either prove the terms of the partnership agreement, or merely show the existence of an agreement between the parties sought to be charged, the legal effect of which is to make them partners, or liable as such to persons dealing with the firm; but, whether one or the other of these modes of proof is attempted, the opinion or conclusion of a witness that a person, sought to be charged, is a partner, is not competent evidence of the fact.

2. *Liability as partner.*—A person, whether in fact he is a partner or not, if he permits himself to be held out as a partner, on the principle of an estoppel *in pais*, becomes liable to those who deal with the firm on the faith that he is a partner; but evidence of such person's conduct or declarations tending to show that he was a partner, is inadmissible, where such conduct or declarations were not communicated to the public or to the plaintiff, and were not relied on by the plaintiff.

3. *Admissibility of party's own declarations*—A party's own declarations, made in the absence of his adversary, are not competent evidence for him.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. W. E. CLARKE.

This action as originally brought by the appellees, Handley, Reeves & Co., was against D. C. Alexander and James T. McDonald, individually, and as partners composing the firm of D. C. Alexander & Co. The complaint was amended by adding J. D. Alexander as a party defendant. The com-complaint contained two common counts, one claiming $289.71-100 and interest, "for merchandise, goods and chattels sold by the plaintiffs to the defendants;" the other claiming the same sum with interest, "due on an account stated between the plaintiffs and the defendants" The verdict and judgment were in favor of the plaintiffs against the defendants, D. C. Alexander and J. D. Alexander, and in favor of the defendant J. T. McDonald.

The contention on the trial, as disclosed by the bill of exceptions, was as to the liabilty of the defendant J. D. Alexander as a partner in the firm of D. C. Alexander & Co. It was admitted that the firm of D. C. Alexander & Co. was organized October 1, 1885, and was in existence until October, 1886.

One Adams, a witness for the plaintiffs, testified that he was a traveling salesman for Stern & Co., of Montgomery,

[Alexander v. Handley, Reeves & Co.]

Alabama ; that as such salesman in October, 1885, he went to the place of business of D. C. Alexander & Co. for the purpose of selling a bill of goods to that firm ; that the store-house being unfinished, on the invitation of D. C. Alexander, he went to the dwelling house of J. D. Alexander, who was an uncle of D. C. Alexander, and there, in the presence of J. D. Alexander, exhibited his samples ; that J. D. Alexander examined the samples, did most of the talking,— gave directions as to purchases, and, after or while the negotiations were pending, said to the witness : "If you will do well by us we will give your house our entire trade." The witness, on cross-examination, having stated that he never told or communicated the facts to which he had testified to his own firm, Stern & Co., nor to the plaintiffs or any one else, the defendant J. D. Alexander moved to exclude from the jury the testimony above recited, on the following grounds : (1.) Because it was irrelevant. (2.) Because it was *res inter alios acta*. (3.) Because no knowledge of the facts testified to was traced to the plaintiffs. The court overruled this motion, and the defendant J. D. Alexander excepted.

The defendant J. D. Alexander offered in evidence a letter written by him in October, 1885, to J. T. McDonald, in which he mentioned that his nephews, D. C. and A. D. Alexander, had formed a copartnership in the mercantile business, and referred to the business as theirs. To the refusal of the court to admit this letter in evidence against the objection of the plaintiffs, the defendant J. D. Alexander excepted.

GEO. W. TAYLOR, for the appellant, cited *Boykin v. Bank of Mobile*, 72 Ala. 262; *Bush v. Tayloe*, 75 Ala. 482; *Couch v. Woodruff*, 63 Ala. 466; *Ala. Fertilizer Co. v. Reynolds*, 83 Ala. 19; *Bell v. Kendall*, 8 So. Rep. 492.

J. T. JONES and G. B. JOHNSTON, *contra*.

WALKER, J.—The appellant J. D. Alexander was liable to the appellees, who were creditors of the firm of D. C. Alexander & Co., if (1), at the time the debt to the appellees was contracted he was actually a partner of that firm by agreement, or (2), whether in fact he was a partner or not, if he permitted himself to be held out as a partner, and the appellees contracted with the firm on the faith that he was a partner. In the one case his liability results from the fact that the debt was contracted by a partnership of which he

was really a member; in the other, because his previous declarations or conduct have amounted to a representation that he was a partner, he may be treated as really a partner by one who has been misled to his prejudice by relying on the truth of such representation.—*Ala. Fertilizer Co. Reynolds*, 85 Ala. 19; *Levy v. Alexander*, 95 Ala. 101.

It was competent for the appellees to show either or both of the two states of fact. They undertook to prove both of them. The first mentioned state of facts could not be established by anything short of evidence of an agreement, express or implied, on the part of J. D. Alexander, to be a partner in the defendant firm. It was not, however, incumbent on the appellees to prove the terms of the partnership agreement. It was clearly shown that the agreement which disclosed who were members of the firm of D. C. Alexander & Co. and which established the partnership relation as it really existed, was in writing. The writing itself was the best evidence of the actual agreement. Yet, as the plaintiffs were not entitled to the custody of that paper, and could not be presumed to have possession of it, they could not be required to prove its contents. It was competent for them, as strangers to the partnership, to establish its existence either by proof of the written instrument evidencing the partnership agreement, or by other evidence that there was an agreement between the individual defendants the legal effect of which was to make them partners, or liable as such to persons dealing with the firm.—*Griffin v. Doe*, 12 Ala. 783; 17 Am. & Eng. Encyc. of Law, 1316. The plaintiffs undertook, as they had the right to do, to prove the partnership in both ways. They offered secondary evidence of the contents of the written instrument, the original paper having been lost or mislaid.

D. C. Alexander was examined as a witness on this subject. In the course of his examination in reference to the existence and contents of the written agreement, he was asked this question, "Was or not J. D. Alexander a member of said partnership?" The connection in which the question was asked made it plain that its purpose was to call out the opinion or conclusion of the witness as to whether the effect of the agreement which was evidenced by the writing was to make J. D. Alexander a partner. The answer of the witness shows that he understood the question to have that meaning. His answer was, "J. D. Alexander was a member of the firm, according to my construction of the contract." The question called for and elicited incompetent testimony, and the objection to it should have been sustained. It is

[Alexander v. Handley, Reeves & Co.]

the exclusive province of the court to construe a written instrument, and to declare its legal effect, whether the instrument itself is produced or its contents are proved by secondary evidence.  So far as the attempt was to show that the agreement which was reduced to writing made  J. D. Alexander a partner, the evidence should have been confined to proof of the execution and of the contents of the written instrument.  It was competent for the plaintiffs to prove the language of that instrument.  It was for the court, and not for the witness or the jury, to construe that language when proved.

If the purpose was to prove by this witness, independent of his testimony in regard to the written instrument, that J. D. Alexander was by agreement a member of the defendant firm, the opinion or conclusion of the witness that such was the case, would not be competent evidence.  "Partnership, and who compose it must be proved, not by reputation, or opinion, but as other material facts are proved.  Conduct, conversation, control, or any other relevant fact tending to show it, or that persons permitted themselves to be treated or trusted as partners, are among the pertinent questions by which partnership liability is established.  We mean the facts—not opinions or conclusions drawn from them." *Rabitte v. Orr*, 83 Ala. 185.

The conduct and declarations of J. D. Alexander which were testified to by the witness Adams were not communicated to the plaintiffs or to any one else.  The plaintiffs could not have relied on, or have been misled by expressions or dealings of which they were not informed.  A party is not entitled to make a circumstance of which he was wholly ignorant the basis of an estoppel *in pais* in his favor.—*Ala. Fertilizer Co. Reynolds, supra; Levy v. Alexander, supra.* The motion to exclude the testimony of the witness Adams should have been sustained.

The letter of J. D. Alexander to McDonald, so far as it referred to the partnership at all, was a declaration in his own favor to a stranger to the plaintiffs.  A party's own declarations, made in the absence of his adversary, can not be converted into evidence for him.—*Woodruff v. Winston*, 63 Ala. 412.  The court properly refused to admit the letter in evidence.

Reversed and remanded.