# Bank of Waynesboro *v.* Healing Springs Merc. Co.

## *Assumpsit.*

(Decided June 30, 1909.   Rehearing denied Dec. 16, 1909.
50 South. 882.)

1. *Partnership; Denial of; Pleading.*—Where the note was signed by a company name by one defendant as manager and·endorsed by the other, and defendants were sued individually and as partners doing business under the company name, special pleas denying the partnership and alleging that the company was an individual business owned by one defendant and managed by the other, were ·wholly insufficient; those pleas attempting to deny the partnership were·not even colorable as a defense to the·suit against them indivually.

· 2. *Corporations; Foreign Corporations; Failure to Qualify.*—Where the suit is by a bank on a note executed by defendants in this state, a plea setting up that the bank was a foreign corporation, that the note was executed and delivered in this state, and that plaintiff had not then complied with the law, so as to entitle him to do business in this state, was wholly insufficient and subject to demurrer.

APPEAL from Washington Circuit Court.
Heard before Hon. SAMUEL B. BROWNE.

[Bank of Waynesboro v. Healing Springs Merc. Co.]

Assumpsit by the Bank of Waynesboro against John F. Loper and another, individually and as partners doing business as the Healing Springs Mercantile Company. From a judgment for defendants, plaintiff appeals. Reversed.

The pleas were as follows: (1) The general issue. (2) "The defendants say that at the time of the matters and things complained of in the complaint they were not partners doing business under the firm name and style of Healing Springs Mercantile Company." (3) "That the said note upon which the cause of action was founded was not executed by them as alleged in the complaint, or by any one authorized to bind them in the premises, and they make oath that this plea is true." (4) "That defendant M. A. J. Loper did business at the time of the matters and things complained of in the complaint under the name of the Healing Springs Mercantile Company, and that the defendant John F. Loper was merely acting as a servant or agent of the defendant M. A. J. Loper in executing the note claimed upon in this complaint." (5) "That plaintiff was at the time of the making of the note sued upon a foreign corporation, and that the said note was executed and delivered in this state; and defendants further aver as negative matter that the plaintiff had not complied with the laws of the state of Alabama, so as to entitle the plaintiff to do business in this state, in that it had not (at the time of said transaction with the defendant in the matter of the execution and delivery of said note) filed with the Secretary of State of the state of Alabama a certified copy of its articles of incorporation or association."

Motion was made to strike the pleas, because frivolous, and demurrers were interposed thereto, raising practically the same grounds, all of which were over-

duled.   The following replications were then filed to
the pleas:   (1) "That defendant herein is estopped to
deny the existence of the partnership as herein set out,
since he has held himself out as a partner in said bus-
iness, or permitted himself to be held out as a partner
in the said copartnership firm of Healing Springs Mer-
cantile Company, and plaintiff herein, in reasonable
reliance upon the honest belief of such partnership, has
dealt with him as such partnership and member of the
copartnership firm of Healing Springs Mercantile
Company."   (2) "That defendant herein is estopped to
deny the existence of the partnership herein set out,
since she has held herself out as a partner in such bus-
iness, or permitted herself to be held out as a partner
in said copartnership business of the Healing Springs
Mercantile Company" (and concludes as replication
above set out).   (3) "That the said defendants did ex-
pressly or by culpable silence permit themselves to be
held out as partners, on account of which plaintiff did,
in ignorance of the true relationship of said defend-
ants, loan or furnish money to said defendants on the
faith of the said partnership, to the injury of plaintiff
as claimed in his complaint."   Demurrers being sus-
tained to these replications, other replications were
filed, setting up various acts of copartnership, includ-
ing suits in the courts, and other acts and doings show-
ing the relation of the partners, to all of which demur-
rers were sustained.   The facts are as stated in the
opinion.

GRANDE & GRANDE, for appellant.—Pleas 2 and 4
should have been sworn to.—Sec. 5332, Code 1907.
Pleas in abatement are not properly allowed to be filed
after a plea in bar has been filed, and unless they are
sworn to at the time of filing.—*Vaugh v. Robinson*, 22

Ala. 519; *Hawkins v. Armour Packing Co.,* 105 Ala.
545. The court erred in sustaining demurrers to repli-
cation X.—*Owensboro W. Co. v. Bliss,* 132 Ala. 253.
Demurrers should not have been sustained to replica-
tions Y and Z.—*Ala. F. Co. v. Reynolds,* 85 Ala. 19;
*Alexander v. Hamilton,* 96 Ala. 223; *Levy & Co. v. Al-
exander & Co.,* 95 Ala. 101. Pleas denying partnership
were no defense to the action.—*Humes v. O'Brien,* 74
Ala. 64; *Marble v. Lyle,* 82 Ala. 322. The partners
were estopped from denying their liability.—*Alexan-
der v. Hamilton, supra; Slapback v. Long,* 90 Ala. 525;
*LeGrand & Hall v. Banks,* 81 Ala. 123. Presumptive-
ly there was a partnership.—*Henderson v. Berryman,*
114 Ala. 647; *Hundley v. Chadwick,* 109 Ala. 575. The
5th plea was insufficient.—*Christian v. Am. Co.,* 89
Ala. 198.

FREDERICK G. BROMBERG, for appellee.—The special
plea denying the existence of partnership was a plea in
bar and not in abatement, and was amendable at any
stage of the trial.—*Kane L. Co. v. Standard D. K. Co.,*
108 Ala. 340. Plaintiff made the question of partner-
ship an issue in the case and having failed to prove it
was not entitled to recover.—4 Mayf. 413; Ib. 1062.

MAYFIELD, J.—Appellant sued appellees as indi-
viduals and as a partnership. The suit was upon a
promissory note, signed by the partnership, per one
of the defendants as manager, and indorsed by the oth-
er. The defendants admitted the execution of the note
as above described. Defendants filed pleas denying the
partnership, but alleging that Healing Springs Mer-
cantile Company was an individual business, owned by
one M. A. J. Loper, and managed by John F. Loper.
Appellant filed replications to these pleas, setting up

[DeLeon v. Walters.]

that the parties by their acts had estopped themselves from denying the existence of their liability as partners. Demurrers were sustained to these replications. Trial was had upon the special pleas and the general issue.

The undisputed evidence showed that plaintiff was entitled to the general affirmative charge. The trial court, however, excluded all the plaintiff's evidence, and gave the general affirmative charge for the defendants. Upon what theory this could have been done it is impossible to conceive. The special pleas of defendants were wholly insufficient. Those attempting to deny the partnership were not even colorable as a defense against the defendants individually. The plea setting up that plaintiff was a foreign corporation was wholly insufficient as an answer to the complaint. If the pleas had been good, the replications, as the evidence indisputable shows, would have been perfect answer to the pleas.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and ANDERSON, JJ., concur.