Carter, Hogan and Plowman v. Douglass.

---

CARTER, HOGAN AND PLOWMAN v. DOUGLASS.

1. The Circuit Court cannot entertain a motion to quash a warrant and execution, issued by a justice of the peace; although the case has been moved by *certiorari*. It must be tried *de novo*, without regard to the defects in the proceedings of the justice.
2. The refusal of the Circuit Court, to award a *certiorari*, when a diminution of the record is suggested, will not be reviewed on error.
3. General reputation cannot be given in evidence, to established the existence of a co-partnership between individuals.

Writ of error to the Circuit Court of Talladega County.

THIS action was instituted before a justice of the peace; and after judgment, was removed by *certiorari*, to the County Court, from which, it was transferred to the Circuit Court by consent of the parties.

The defendants are described in the warrant, and other proceedings before the justice, as Carter, Hogan & Co.

The statement filed in the Circuit Court, describes them by their Christian and surnames, as partners, using the name of Carter, Hogan & Co.

Plowman, one of the defendants, and at whose instance, the *certiorari* was allowed, craved oyer of the proceedings before the justice, and then moved the Circuit Court to quash the warrant and execution. This motion was overruled.

He then suggested, that the record was imperfect; and prayed for a *certiorari* to the justice, to send up the proper papers. The justice was examined before the Court, and stated, that all the papers appertaining to the case, had been returned under the former *certiorari*. The Court refused to award the *certiorari*.

On the trial, the plaintiff introduced several witnesses to establish the existence of a partnership between the defendants. All of these witnesses stated, that it was generally reputed and understood that a partnership existed between the defendants, in carrying on the saddlery business; that Carter was a saddler, and Plowman a tanner. This was excepted to, by defendant, Plowman.

A witness was also, introduced who proved an admission, by Carter, of the correctness of the account sought to be recovered. This was also excepted by the defendant, Plowman.

A verdict was found in favor of the plaintiff, and judgment rendered against all the defendants, who now prosecute this writ of error, and assign, that the Circuit Court erred in overruling the several motions of the defendants, and in the admission of the evidence excepted to.

The case was submitted on brief, by the plaintiff in error. STONE, for the defendant.

GOLDTHWAITE, J.—1. The motion to quash the warrant and execution, issued by the justice of the Peace, was properly overruled, because the statute provides, that the Court shall proceed to try the claim *de novo*, without regarding any defect in the proceedings before the justice.

2. It does not appear, that the proceedings sent up by the justice, were deficient in any manner; but, on the contrary, it was shown, from his examination, that all the papers appertaining to the case, had been transmitted in obedience to the first *certiorari*. But independent of this, we think the refusal to award a *certiorari*, when a diminution is suggested in such a case as this, is the exercise of a discretionary power; which is not the subject of revision in an appellate Court.

3. It is too clear, to admit of argument at this day, that common reputation cannot be allowed as competent evidence, to establish the existence of a co-partnership between individuals. It is nothing more than rumor, and may have no foundation whatever to rest upon. We are aware, that in two cases the Supreme Court of New York, has decided such evidence is competent. [Whitney v. Sterling, 14 Johns. 215; McPherson v. Rathbone, 11 Wend. 96.] But in neither is any other adjudication cited, to sustain what must be conceded to be, an innovation on the well established rule, that hearsay is inadmissible for such a purpose. (Roscoe Ev. 212.) If a co-partnership had been shown, then the admission of one of the partners, would be proper to charge the firm for the account; but, in this case, no such connexion was shown, and therefore, the admission was improperly given in evidence.

The Court Court erred in admitting evidence of general reputation, and in allowing the admission of Carter, as against his co-defendants.

Let the judgment be reversed and the case remanded.