# WRIGHT v. POWELL.

1. One who contracted with two persons engaged in running a steamboat, as pilot, cannot charge a third person as a partner, who was not in fact a partner, and had never held himself out to the world as such, but who had done some acts from which it might have been inferred he was a partner, but of which the person so contracting, was at the time wholly ignorant, and did not engage as pilot in reference to his responsibility.

Error to the Circuit Court of Dallas.

THIS action was brought by the plaintiff in error, against the defendant, as late partner and joint owner, with three other persons, of the steamboat North Star, upon a due bill of the clerk of the boat, to the plaintiff, as pilot of the boat, for $933 50.

Upon the trial, as appears from the bill of exceptions, there was evidence that plaintiff's intestate regarded Abram Powell, and Eldridge Gardner, alone as the owners of the steamboat North Star, until after their insolvency, and that he had contracted with them, on their credit and responsibility alone. There was evidence that Hudson Powell, the defendant, had held himself out to the public as an owner, by calling the boat his, and contracting for supplies, &c. for her. Under this testimony the Court charged the jury, that if the plaintiff looked on Abram Powell, and Eldridge Gardner, alone as the owners, and contracted on their credit and responsibility alone, he could not hold Hudson Powell liable, if not actually an owner, although he might have held himself out to the world as an owner, and was thereby made liable to other third persons, who might have contracted on his credit; to which charge the plaintiff excepted.

The charge of the Court is now assigned as error.

G. W. GAYLE, for plaintiff in error, cited Story on Partnership, 95, 97; Watson on Part. 5; Cary on P. 45.

EVANS and R. SAFFOLD, contra, cited, 1 Camp. 404, Chitty on Con. 70, 243; 10 East, 264; 11 Wend. 87; Story on Part.

Wright v. Powell.

96; Collyer on P. 44, 214; 3 Car. & P. 202; 4 N. Car. R. 127; 1 John. Cas. 171; 6 Pick. 372; 15 Mass. 339.

ORMOND, J.—The general principle that one who holds himself out to the world as a partner with others, is liable for the partnership debts, although in fact he may not be a partner in the concern, or entitled to share in the profits, is undoubted, and is not controverted in this case. But it is insisted, that as this fact was unknown to the plaintiff in error, and as he gave credit to those who in fact were partners in the concern, the rule does not apply. Such is our opinion. The rule is doubtless laid down by the text writers in terms sufficiently broad, to cover the proposition as contended for by the counsel for the plaintiff in error, but in applying it, regard must be had to the reason of the rule, and the necessity which led to its establishment.

In the leading case of Waugh v. Carver, 2 H. B, 246, in the judgment of C. Justice Eyre, the rule, and the reason upon which it is founded, are both stated in the most lucid manner : "Now a case may be stated, in which it is the clear sense of the parties to the contract, that they shall not be partners ; that A is to contribute neither labor nor money, and to go still farther, not to receive any profits. But if he will lend his name as a partner, he becomes, as against all the rest of the world, a partner, not upon the ground of the real transaction between them, but upon principles of general policy, to prevent the frauds to which creditors would be liable, if they were to suppose that they lent their money upon the apparent credit of three, or four persons, when in fact they lent it only to two of them, to whom without the others they would have lent nothing."

It is very clear, from this opinion, that the reason of the rule is, the credit which is presumed to be given by one, thus holding himself out to the world as a partner, or permitting his name to appear as one of the partners, and the injury which would accrue to the creditor, if the supposed partner was afterwards permitted to contradict it. So in De Berkom v. Smith & Lewis, 1 Esp. N. P. 31, Lord Kenyon says, "though in point of fact parties are not partners in trade, yet if one so represents himself, and by that means gets credit for goods for the other, both shall be liable."

The decision of Lord Mansfield in Young v. Axtell, cited in 2

71

H. B. 242, from manuscript, is relied on as an authority, that if the defendant had held himself out at any time as a partner in running the boat, by claiming to be a part owner, and contracting for supplies, he would be responsible to the plaintiff, though he did not know of these acts, and did not contract in reference to his responsibility, but to that of others, who were in truth the only persons engaged in running the boat, as partners. In the case cited, Mrs. Axtell *suffered her name to be used* in carrying on the business, and upon that ground the decision turned, and the expressions used by Lord Mansfield were made. That "as she suffered her name to be used in the busines, and held herself out as a partner, she was certainly liable, though the plaintiff did not, at the time of dealing, know that she was a partner, or that her name was used." The reason of this decision evidently is, that by permitting her name to be used in the firm transactions, she gave a credit to the partnership to the public generally ; she was ostensibly a partner, and therefore whether one dealing with the firm was ignorant, or not of the fact, he was entitled to treat her as a partner, as she had by her conduct precluded herself from denying it.

No such fact exists in this case. The defendant had not permitted his name to go before the world as one of the partners in the firm transactions, he had merely done acts, from which one cognizant of them, might have presumed he was a partner, and and if, acting on that presumption, he had given credit to the firm considering him as one of its members, there would be great reason in holding him responsible, for the false confidence thus induced. But that is not this case. The defendant was not in fact a partner, nor had he done any act to induce the plaintiff to consider him as one of the firm, nor did the plaintiff, in entering upon his engagement as pilot of the boat, look to his responsibility for the payment of his wages, he cannot therefore succeed in this action.

The principle here laid down, is abundantly sustained by the authorities. See the cases cited by the counsel for the defendant in error.

Let the judgment be affirmed.