# Marble & Son *v.* Lypes & Co.

### *Action on Common Counts.*

1. *Proof of partnership; general reputation.*—The existence of a partnership can not be proved by common report, or general reputation in the neighborhood.

2. *Charge assuming fact as proved.*—A charge asked, which assumes a fact "as shown by the evidence," when the supposed fact is controverted, is an invasion of the province of the jury, and therefore properly refused.

3. *Liability as partner to third persons.*—A person who, not being a partner in fact, suffers himself to be held out to the public as a partner, thereby renders himself liable as a partner, but only to persons who, in ignorance of the real facts, have been misled or injured by contracting on the faith of his conduct.

APPEAL from the City Court of Birmingham.

Tried before the Hon. HENRY A. SHARPE.

This action was brought by Oliver Marble & Son, suing as partners, against Thos. D. Lypes and H. T. Beggs, as late partners doing business under the firm name of Thos. D. Lypes & Co.; and was commenced on the 20th March, 1886. The complaint contained only the common counts, and the only plea was in these words: "The defendants, for plea, say they are not indebted to the plaintiffs." The defend-

ant Lypes made no defense, and there was judgment on verdict against him, for the full amount of the plaintiffs' claim; while there was a judgment for costs in favor of Beggs, who denied that he was member of the firm of Thos. D. Lypes & Co. It appeared that the plaintiffs were architects and builders, and had erected several buildings in Birmingham, on which work was done under written contracts signed by Thos. D. Lypes & Co.; and the plaintiffs' claim consisted of money paid and materials furnished for them in and about these buildings. The plaintiffs introduced two witnesses, each of whom testified, "that he knew of the existence of the firm of Thos. D. Lypes & Co. in the city for a year or two, but did not know, of his own knowledge, who the members were;" and the plaintiff then asked each of them, "what was the common report, or general reputation in the city, as to who composed said firm." The court sustained an objection to this question, and would not let it be answered; to which ruling the plaintiffs excepted.

The plaintiffs asked several charges in writing, and among them the following: (2.) "If the jury believe, from the evidence, that H. T. Beggs and Thos. D. Lypes declared and admitted to plaintiffs or others, as shown by the evidence, that they were partners, or admitted such a statement of facts as would establish a partnership between them, this would entitle the jury to say, from the evidence, that a partnership had been proved against them." (4.) "If the jury believe, from the evidence, that H. T. Beggs suffered his name to be used in the business by Thos. D. Lypes, whatever agreement may have been made between them, he is to be considered in fact as a partner, as to any transaction made by them with the plaintiffs; and although said Beggs received no profits, he will be held equally responsible with Lypes." The court refused each of these charges, and the plaintiffs excepted; and they now assign their refusal as error, together with the exclusion of the evidence offered.

R. H. STERRETT, for the appellants, cited *Humes v. O'Bryan & Washington*, 74 Ala. 81–84; 2 Greenl. Ev. § 484; Collyer on Partnership, 67, 75–6.

R. H. PEARSON, *contra*.

SOMERVILLE, J.—1. The court below very properly ruled, that it was incompetent to prove the existence of the alleged partnership between the defendants Lypes and Beggs by common report, or general reputation. This was one of the controverted facts in the case, upon which the

[Glover v. Hembree.]

liability of Beggs chiefly depended, and the proposed evidence was, as to him, clearly hearsay and inadmissible. *Hogan v. Douglass*, 2 Ala. 499 ; *Humes v. O'Bryan*, 74 Ala. 65, 81.

2. The existence of the partnership being controverted, the second charge requested by the plaintiffs was erroneous, in assuming as a fact, "shown by the evidence," that the defendants had admitted the truth of its existence.—*Humes v. O'Bryan*, 74 Ala. 84.

3. It was immaterial that Beggs permitted himself to be held out to the public as a partner of Lypes, unless the plaintiff was misled or injured by contracting the debt in suit on the faith of this fact, thus dealing with the alleged firm in ignorance of the true relationship of its members. The principle upon which such a liability is permitted to be fastened on one, who in fact is not a partner, is analogous to that of an estoppel *in pais ;* and there there can be no such estoppel, in the absence of one's being misled to his prejudice by a supposed fact, either positively asserted, or tacitly admitted by the party whom he seeks to hold liable. *Humes v. O'Bryan, supra;* Parsons on Part. 71, 412-13 ; 2 Greenl. Ev. § 283. The fourth charge ignored this principle, and was properly refused.

Affirmed.