# Tanner & DeLaney Engine Co. *v.* Hall.

*Action on Promissory Notes signed in name of Partnership.*

1. *Proof of partnership.*—The existence of a partnership can not be proved by general reputation, or common rumor; nor is it competent to prove that "it was understood and matter of common knowledge," in the town in which the business was carried on, "that the defendant was a partner of the firm," for the purpose of showing notice to the defendant that the business was so carried on, when it is not proved that plaintiff's debt was contracted on the faith of such partnership.

2. *Proof of agency.*—The declaration of a person who assumes to act as agent for another, accompanying the act done, is not admissible as evidence against the person for whom he assumed or professed to act, without independent evidence of the agency.

3. *Proof of foreign judicial proceedings.*—The fact that an engine sold by plaintiffs to a partnership, of which they claim that defendant was a member, was sold under attachment proceedings in Florida before they again took possession of it, must be proved by a transcript properly certified, and can not be proved by oral testimony.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by the appellant, a corporation chartered under the laws of Virginia, against Nathan Hall, as a member of the firm of Hall & Mobley; was founded on several promissory notes executed in the name of said partnership, and was commenced on the 22d February, 1887. The notes were dated on the 22d June, 1885, and were payable on different dates, between October 1st, 1885, and June 1st, 1886; and they seem to have been given for the price of an engine sold by plaintiff to said partnership.. The defendant pleaded the general issue, and the cause was tried on issue joined on that plea. On the trial, as the bill of exceptions shows, the plaintiff read the several notes in evidence without objection, and also "the record of a mortgage from defendant and his wife to plaintiff, which was given to secure said notes, and was executed on the 6th August, 1885." The plaintiff then read in evidence the deposition of one Butler, "who testified, that defendant was in Chipley, Florida, where the business of Hall & Mobley was carried on, about once a month; that it was understood, and was common knowledge in and around Chipley, that defendant was a partner of the firm of Hall & Mobley in the saw-mill business." The court excluded this evidence from the jury, on motion of the defendant, and the plaintiff excepted; and the bill of exceptions then adds: "It is proper to state that said evidence was offered by plaintiff for the purpose of showing notice to defendant that the business was carried on in the name of Hall & Mobley; and, upon the other evidence in the case, the jury found that the business was carried on by Hall & Mobley, and found a verdict against Hall, but not for as much as plaintiff claimed." Said Butler also testified "to the effect that defendant wrote him a letter, in correspondence about the matter, recognizing his partnership with Mobley, and his liability for the notes given for the engine." The evidence for the defendant "tended to show that no partnership existed between him and said Mobley;" and he testified in his own behalf, "that said Butler took back said engine, representing that he was plaintiff's agent, and sold it for $1,000." Plaintiff moved to exclude said evidence from the jury, because the fact of said Butler's agency could not be established in that manner." The court overruled the motion and objection, and plaintiff excepted. "Plaintiff then proposed to prove by said Hall, while testifying as a witness, that before said Butler took back said engine, it had been sold under attachment pro-

[Tanner & DeLaney Engine Co. v. Hall.]

ceedings in Florida, and bought by plaintiff at said sale, for $400, and afterwards sold for $1,000; and that this was the manner in which said Butler took back said engine." The court excluded this evidence, on motion, "because it was oral evidence only;" and plaintiff excepted. These rulings on evidence are now assigned as error.

M. E. MILLIGAN, for appellant, cited 1 *Tomack v. Bird*, 63 Ala. 500; *Allen v. State*, 79 Ala. 34.

SOMERVILLE, J.—1. It was not competent to prove the existence of a partnership between the defendant Hall and Mobley, by general reputation, or common rumor. *Hogan v. Douglass*, 2 Ala. 499; *Humes v. O'Bryan*, 74 Ala. 64.

The court, under this principle, properly excluded the testimony of the witness Butler, to which exception was taken by the defendant. If the fact had been proved that the saw-mill business was openly carried on in Chipley, Florida, in the name of Hall & Mobley as partners, perhaps the common notoriety of this fact might also be proved to charge the defendant with probable knowledge of it, in order to show that, by culpable silence or express agreement, the defendant had permitted himself to be held out to the public as a partner; provided it were further proved that the debt sued for was contracted on the faith of this fact, and related to the alleged partnership business. But that is not this case. *Humes v. O'Bryan*, 74 Ala. 64, *supra*; *Woods v. Montevallo C. & T. Co.*, 84 Ala. 560; *Ala. Fertilizer Co. v. Reynolds & Lee*, 85 Ala. 19.

2. The record contains no evidence tending to prove that Butler was the agent of the plaintiff, having authority to take possession of the engine. His declaration, therefore, representing himself to be such agent, when he took possession of the engine, was not admissible against the plaintiff, without independent evidence of such alleged agency.—*Martin v. Brown*, 75 Ala. 442; 3 Brick. Dig. p. 21, § 40. The court erred in not excluding the testimony of the defendant, as to Butler's representation that he was acting as an agent for the plaintiff, in assuming authority to take possession of the engine.

3. There was no error in excluding the proposed oral evidence of the attachment proceedings in Florida, under which it was claimed that the engine had been sold, and purchased by the plaintiff. Those proceedings were matters of record,

and constituted material evidence affecting the validity of the seizure of the property, and the amount of the plaintiff's recovery in the action. This record should have been proved by certified transcript, and not orally by secondary evidence.

Reversed and remanded.