# Learned-Letcher Lumber Co. v. Ohatchie Lumber Co.

*Action of Assnmpsit.*

1. *Agency; can not be proved by acts and declarations, alone, of per-*

*son claiming to act as agent.*—The acts and declarations of one professing to act as agent of another, unknown to and not ratified or acquiesced in by the supposed principal, can not be received as evidence to establish agency; but, after the agency has been established by proof *aliunde*, the acts and declarations of such agent are admisible on the material questions involved in the controversy.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. LeRoy F. Box.

This action was begun before a justice of the peace by the appellee to recover $100 as the price of certain lumber sold by plaintiff to defendants. Defendant recovered a judgment in the justice court, and plaintiff appealed to the circuit court. In the circuit court the complaint was amended by adding a count for money had and received. On the trial the testimony tended to show that the firm of Laney & Jackson had given their note to O. T. Letcher and J. R. Learned which had been negotiated and indorsed by them to Jas. P. Day. The note maturing Laney proposed to Day that if he could take lumber for the note he would ship him lumber in payment of the note. Day applied to defendants to know if they would take the lumber off his hands which they agreed to do at a certain price. Thereupon the lumber was shipped to the defendant on account of Day by Laney, and out of the proceeds of the lumber the note of Day was paid and the balance resulting from said lumber was credited to J. C. Laney who was also indebted to defendants in a sum larger than the balance of the price of the lumber.

On the trial the correspondence between Laney and Day was offered in evidence, and the oral testimony showed that Day was not in any manner the agent of defendants. It was shown that the defendants were engaged in the business of buying and selling lumber and that this lumber was sold by them in the ordinary course of busines; but there was no proof showing what the ordinary course of business was or that this lumber had been sold or converted into money or otherwise before the commencement of the suit. Day testified that this was a transaction between him and J. C. Laney on the one hand, and him and defendants on the other; that the plaintiff was not a party to the transaction, and so far as he knew, or had any connection with it, the plaintiff was in no manner interested in it.

J. C. Laney testified that he was the principal owner of the stock of the Ohatchie Lumber Co., and was the president of the Co., and had made arrangements with the officers of the Co., by which he was to get the benefit of as much of the lumber as was necessary to pay Day's note, and only that much.

The court charged the jury against the objection of the defendants, and to which an exception was reserved, that they might look to the letters from Day as showing his agency in making the purchase for defendant.

The trial resulted in a verdict for plaintiff, and on a motion for a new trial, the same being overruled, defendant excepted; and this appeal presents for review the correctness of the charge above referred to and the refusal to grant a new trial.

CALDWELL & JOHNSTON, for appellant, cited *Tanner & DeLaney Engine Co. v. Hall,* 86 Ala. 305; *Martin v. Brown,* 75 Ala. 442; *Womack v. Bird,* 63 Ala. 507; 3 Brick. Dig. 41, § 43, and authorities cited.

JOHN H. CALDWELL, contra, cited *Moody v. Walker,* 89 Ala. 621; *Martin v. Brown,* 75 Ala. 442; *Womack v. Bird,* 63 Ala. 500; *Fisher v. Campbell,* 9 Port. 210.

HEAD, J.—In an action on account for goods sold and for money had and received, wherein appellee was plaintiff and appellant, defendant, it was in issue whether one Day was agent of the defendants in the transactions which the controversy involved. Day had written sundry letters to plaintiff's president, in respect to these transactions, and the circuit court told the jury that they might look to those letters for the purpose of ascertaining whether or not he was the agent of the defendants. This instruction violated the cardinal rule that acts and declarations of one professing to act as agent of another, unknown to, and not ratified or acquiesced in by the supposed principal, cannot be received to establish the fact of agency. There must be independent proof of the agency, from which it must be determined whether that relation existed or not. Such proof being adduced the acts and declarations of the supposed agent may be received to shed light upon the material questions involved in the controversy, to be considered by the jury, if, upon

the independent proof of agency, they shall be of opinion that that relation did exist; but they cannot be considered, when it is not shown that the supposed principal had, in any wise, committed himself to them, for the purpose of proving the relation itself.—3 Brick. Dig. 21, § 43; *Womack v. Bird*, 63 Ala. 500; *Tanner & DeLaney Engine Co. v. Hall*, 86 Ala. 305; *Martin, Dumee & Co. v. Brown, Shipley & Co.*, 75 Ala. 442.

As this error operates to reverse the judgment, we will not pass upon the assignments of error touching the judgment of the court upon the motion for a new trial.

Reversed and remanded.