# L. S. Meharg Liquor Company *v.* Davis, *et al.*

## *Assumpsit.*

(Decided November 7, 1914.   66 South. 576.)

*Partnership; Estoppel; Existence of.*—Where the seller neither knew nor relied on such a statement, the fact that the purchaser stated, in a written application filed with the Excise Commission to obtain a liquor license under Acts 1911, p. 255, that he is a member of a firm does not estop him from denying that he is such member when he is sued as a partner for the price of goods sold him.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by the L. S. Meharg Liquor Company against the Washington Hotel Company, and the individuals composing the firm, amended by striking out the partnership and suing the persons individually. Judgment for defendants and plaintiff appeals. Affirmed.

JAMES A. MITCHELL, and SAMUEL B. STERN, for appellant.

PALMER P. DAUGETTE, and FRANK S. WHITE, JR., for appellee.

MAYFIELD, J.—Appellant sued appellees as partners doing business under the firm name of the Washington Hotel Company. During the progress of the trial the complaint was amended by striking out all matters seeking to bind the partnership, thereby making the action one against the appellees individually. The action was assumpsit, for the purchase price of goods, consisting of liquors and beverages, sold by the plaintiff and its predecessor. The sale was made to the Washington Hotel Company, or to the Washington Hotel Bar, which is conceded to be the same thing. The only contested question was whether or not appellee Edwards was a member of the firm or partnership above named, or was otherwise liable with appellee Davis for the purchase price of the goods in question. Davis does not dispute his liability; but he and Edwards both deny the fact of partnership between the two, or of any liability of Edwards for the price of the goods, and the jury so found; hence, this appeal.

Counsel for appellant very correctly and candidly state in their brief that the only question for discussion on this appeal is: Can a person represent himself to be a partner in a concern, in a written application

filed with the Excise Commission, in order to obtain
a license to sell liquors pursuant to section 9 of the
Act of April 6, 1911 (Laws 1911, p. 225), known as
the "Smith Bill," and be allowed afterwards, when sued
for the price of the goods sold to the concern, to deny
that he is a member of the firm?  In other words, is
he not concluded by his representation in writing, in a
public document of this sort, as to his being a mem-
ber of the partneship?

In a case like this, we confidently answer that he is
not estopped nor concluded thereby from showing the
truth of the matter.  The vendor, the plaintiff, did not,
and does not now, claim that it either knew of or relied
upon the statute in question, nor is it claimed that
plaintiff otherwise believed Edwards to be a partner
when the sales were made, and no credit was extended
to him.  One who represents or holds himself out to
be a partner of a firm, when he is not such in fact, is
estopped and concluded from showing the contrary, as
against those who relied and acted upon such repre-
sentation; but the rule is entirely different as to those
who knew not of the false representation and who did
not rely or act upon it—and to this latter class the
plaintiff here is conceded to belong.  The mere fact that
said defendant made application in writing, under the
provisions of the act, for license to sell liquors under
the firm name in question, does not change the rule
in this case. If the Excise Commission had acted upon
his petition, and issued the license, relying upon the
facts stated therein, then, as against the commission,
the state, the county, or the municipality, or any other
person who relied thereon he might have been estopped;
but not as against those who confess they knew not of
the petition or the representation, and did not rely
upon it.  Moreover, the facts in this case show that Ed-

wards was not treated by the commission as a person to whom the license was issued, but that Davis was treated as the sole petitioner of the commission and that the license was so issued and the bond so executed.

The very authorities cited and relied upon by appellant are in accordance with the holding of the trial court and with what we have said above. In fact, we know of none to the contrary.

In the case of *Alexander v. Handley,* 96 Ala. 220, 11 South. 390, it is said: "A party is not entitled to make a circumstance of which he was wholly ignorant the basis of an estoppel in pais in his favor."

The authorities cited do hold that where a plaintiff sues as a partner, or sues on a contract alleging that it was made by a partnership, he is thereby estopped from disputing the facts alleged; but that is quite a different case and state of facts from the one at bar.

In the case of *Marble & Son v. Lypes & Co.,* 82 Ala. 322, 324, 2 South. 701, 703, very similar to this, the exact question here considered was decided, and the law well stated by Somerville, J., as follows: "It was immaterial that Beggs permitted himself to be held out to the public as a partner of Lypes, unless the plaintiff was misled or injured by contracting the debt in suit on the faith of this fact, thus dealing with the alleged firm in ignorance of the true relationship of its members. The principles upon which such a liability is permitted to be fastened on one, who in fact is not a partner, is analogous to that of an estoppel in pais; and there can be no such estoppel, in the absence of one's being misled to his prejudice by a supposed fact, either positively asserted, or tactly admitted by the party whom he seeks to hold liable.—*Humes v. O'Bryan,* 74 Ala. 64; Parsons on Part. 71, 412, 413; 2 Greenl. Ev. § 283."

[Stearnes, et al. v. Edmonds.]

It follows that there was no error, and the judgment below is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFEN-RIED, JJ., concur.