# Guin, *et al. v.* Grasselli Chemical Co.

## Assumpsit.

(Decided May 11, 1916.   Rehearing denied June 30, 1916.
72 South. 413.)

1. **Pleading; Non Est Factum.**—A plea setting up that the notes sued on were not executed by defendant, or by anyone authorized to bind him in the premises, being in Code form and properly verified, is good as a plea of non est factum.

2. **Partnership; Action; Burden of Proof.**—Under § 3969, Code 1907, one who sues a partnership need not prove the existence of a partnership unless its existence is denied by sworn plea.

3. **Same; Evidence.**—Declaration of one person as to the existence of a partnership between himself and another person, is not admissible against such other person to prove the partnership, unless made in the presence of the other person, or comes within the exception to exclusion of hearsay evidence.

4. **Same.**—The statement of one person as to the existence of a partnership with defendant will not be held to have been erroneously admitted, where the witness testifying to such statement, also testified that he was referred to defendant and had a conversation with him at the time as to the transaction.

5. **Same; General Repute.**—The existence of a partnership cannot be proved by general repute; but if there is other evidence tending to show the partnership, general notoriety is competent to charge one of the community with knowledge of it.

6. **Same.**—Where a retired partner knew of a rumor that he was still in the firm, evidence of general repute was competent as tending to show that he permitted himself to be held out as one of the firm.

7. **Same; Burden of Proof.**—Where a person sued as a member of a partnership, denied membership by a properly verified plea, the burden was on the one suing to prove membership.

[Guin, et al. v. Grasselli Chemical Co.]

8. **Same.**—If one sued as a member of a partnership, denies membership and proves that he was not a member, the burden was on plaintiff to show that he held himself out as a member, or permitted himself to be held out as such.

9. **Same; Continuance; Presumption.**—Where a partnership has been proved to exist, its existence will be presumed to continue until dissolution is proven.

10. **Pleading; Construction; Demurrer.**—On demurrer a pleading will be construed most strongly against the pleader.

11. **Partnership; Pleading.**—Where one is sued on a note as a member of a partnership maker, and merely denies that he was a member, and alleges that at the time of the transaction the holder of the note had legal notice that he was not, his plea was demurrable, since it did not specifically deny that he was a member when the note was given.

APPEAL from Lamar Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Assumpsit by Grasselli Chemical Co. against J. C. Guin and another. Judgment for plaintiff and defendants appeal. Affirmed in part, and in part reversed and remanded.

The plaintiff stated his case in several counts based on promissory notes, and on the common count. J. C. Guin filed separate pleas, as follows:

"The defendant J. C. Guin for answer to complaint says that the notes upon which action was founded were not executed by him, or by any one authorized to bind him in the premises, and he makes oath that this is true."

The plea was verified in the usual form.

Plea 10: "J. C. Guin says that at the time this cause of action arose that he was not a member of the firm of Guin Bros., and that plaintiff in this cause had legal notice he was not a member of the firm of Guin Bros., at the time of the sale of the fertilizer, and he makes oath that this plea is true."

This plea is also verified.

The following charges were given for plaintiff: (15) "I charge you, gentlemen, that the burden is on defendant J. C. Guin to show that he was not a member of the firm of Guin Bros., or that he did not hold himself out, or permit himself to be held out as a partner."

(14) "When a partnership is shown to exist, it will be presumed to have continued until it has been dissolved and ceased to do business in that name."

W. A. GUNTER, and KELLY & YOUNG, for appellant. WALTER NESMITH, for appellee.

ANDERSON, C. J.—(1) Defendant J. C. Guin's plea D was a good plea of non est factum and was in Code form and was a good answer to the counts on the notes, and the trial conrt erred in sustaining the demurrer to same.

(2) Plea 10, by J. C. Guin, denying the partnership, was to each count separately and severally, and, whether a good defense or not to the counts on the notes (*Bank of Waynesboro v. Healing Springs Company,* 163 Ala. 495, 50 South. 882), was good to the common counts, and the trial court erred in sustaining the demurrer to same. We cannot say that the defendant J. C. Guin got the benefit of same, under the general issues; as the plaintiff did not have to prove the partnership unless denied by a special verified plea.—Code 1907, § 3969. Nor can we say that the error as to plea 10 was cured by overruling the demurrer to plea 14; as the latter was broader than the former.

(3, 4) The declarations of one person as to the existence of a partnership between himself and another person are not admissible evidence against the latter to prove the fact of partnership, unless they were made in his presence or fall within the exception to the general rule excluding hearsay evidence.—*Humes v. O'Bryan,* 74 Ala. 64. While the statement of Lee Guin to Troy that he and J. C. Guin composed the firm would be inadmissible if it stood alone, yet the trial court cannot be reversed for this ruling when the statement is taken in connection with the further facts that the said Lee Guin referred the salesman Troy to J. C. Guin, whom he went to see, and told that he had been referred to him by the said Lee in reference to purchasing the fertilizer in question and the conversation then had with said J. C. Guin with reference to the firm of Guin Bros. and the purchase and shipment of the goods in question.

5, 6) The existence of partnership cannot be proved by general repute; yet, when the fact is otherwise established, general notoriety in the neighborhood may be proved as competent evidence, to charge a resident in such community with knowledge of it.—*Tenn. Co. v. Linn,* 123 Ala. 112, 26 South. 245, 82 Am. St. Rep. 108; *Humes v. O'Bryan,* 74 Ala. 64; *Woods v. Montevallo Co.,* 84 Ala. 564, 3 South. 475, 9 Am. St. Rep. 393. The defendant J. C. Guin admitted the previous existence of the partnership, and the fact that there was a general rumor in the neighborhood where he resided that it continued to exist was a circumstance to show that he knew of same and held or permitted himself to be

held out as a partner, and took no steps to counteract or repudiate the general report. The trial court did not commit reversible error in permitting the witness Clardy to testify that G. L. and J. C. Guin were looked upon and generally regarded as partners in the neighborhood subsequent to the claimed dissolution.

(7, 8) Charge 15, given for the plaintiff, misplaced the burden of proof; as the existence of the partnership was denied by a sworn plea, and that put the burden of proving the partnership upon the plaintiff.—Code 1907, § 3969. Morever, had there been no special plea denying the partnership, it would have only been incumbent upon J. C. Guin to show he was not a member of the firm, and, if he did this, it would have been incumbent upon the plaintiff, in order to hold him liable to prove that he held himself out or permitted himself to be held out as a partner.

(9) Charge 14, given for the plaintiff, states the law. Where a partnership has been proven to exist, its existence will be presumed to continue until a dissolution is proved.—*Reybold v. Dodd*, 1 Har. (Del.) 401, 26 Am. Dec. 401; *Irby v. Brigham*, 9 Humph. (Tenn.) 750. Plaintiff's given charge 13 could have well been refused, as it falls short of charge 14, and ignored the defendant's proof of dissolution and was calculated to mislead.

The judgment of the circuit court is affirmed as to G. L. Guin, and is reversed and remanded as to the administrator of J. C. Guin.—*Steed v. Barnhill*, 71 Ala. 157.

Affirmed in part, reversed in part, and remanded.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.

### ON REHEARING.

ANDERSON, C. J.—(10, 11) Upon a reconsideration of plea 10 we are of the opinion that the trial court did not err in sustaining the plaintiff's demurrer to same. It did not deny the existence of the partnership when the debt was contracted or when the note was given, but "when the cause of action arose." J. C. Guin may not have been a partner when the cause of action arose, but may have been when the debt was contracted, or when the note was executed. The latter part of the plea does not cure this defect. It says that the plaintiff had notice that he was not a partner when the debt was contracted, but does not aver as a fact, that he was not a partner at the time, and pleading must be construed more strongly against the pleader on demurrer.

[Allgood, Auditor, v. Stallings, et al.]

The original opinion is to this extent modified, and the application for rehearing is overruled.

McCLELLAN, SAYRE and GARDNER, JJ., concur.