(94 South. 108)

EGGLESTON v. WILSON. (7 Div. 338.)

(Supreme Court of Alabama. Oct. 12, 1922.)

1. Partnership ☞218(3)—Defendant held not entitled to general affirmative charge on issue as to his being a partner.

On issue as to whether defendant was a partner, after plaintiff introduced some evidence to this effect, defendant was not entitled to a general affirmative charge, since this charge cannot be properly given, where there is any evidence or a reasonable inference tending to establish the theory against which the charge would conclude.

2. Trial ☞60(2)—Evidence of order for goods by one sued as partner, not admissible unless there is some evidence of partnership.

In action against alleged partner for goods sold to alleged partnership, orders for the goods would not be admissible, unless preceded by some evidence of the partnership.

3. Justices of the peace ☞119(3)—Defendant in attachment not concluded by personal judgment until given notice provided by law.

A defendant cannot justly be personally concluded by attachment proceedings culminating in a personal judgment until given the notice provided by law.

4. Justices of the peace ☞119(3)—Personal judgment rendered by justice properly excluded where there is no evidence of summons upon defendant.

A judgment rendered by a justice in attachment proceedings, culminating in personal liability, was properly excluded when offered in the circuit court where there was no evidence of service of summons upon defendant in attachment.

5. Evidence ☞318(4)—Mercantile reports inadmissible to establish individual is partner, but mercantile agency's conclusion admissible where he admitted same to agency.

Mercantile reports on which seller relied, showing an individual was a partner in the buyer firm, are inadmissible to establish he was a partner, and evidence of a mercantile custom to consult such reports before selling is likewise inadmissible, but the mercantile agency's conclusion concerning his partnership would be admissible if the individual made statements to the agency affirming or admitting his partnership.

6. Partnership ☞218(2) — Evidence held to warrant instruction that a defendant was liable as a partner as matter of law in holding himself as such.

In an action for goods sold to a firm, wherein a defendant claimed he was not a partner, evidence showing sales were made in reliance upon this relation would warrant an instruction that, as a matter of law, whether in fact he was a partner or not, if he permitted himself to be held out as a partner, and plaintiff contracted with the firm on faith of such relation, he would be liable.

7. Partnership ☞218(2)—Evidence held to warrant instruction as to a defendant's liability as a partner if jury were satisfied he held himself out as partner, whether he was such in fact.

In an action for goods sold to a firm, wherein a defendant claimed he was not a partner, evidence showing sales were made in reliance upon this relation would warrant an instruction that, if the jury was satisfied from the evidence that he permitted himself to be held out as a partner, whether in fact he was a partner or not, and plaintiffs contracted with the firm on the faith that he was a partner, then he is liable.

Appeal from Circuit Court, Clay County; W. L. Longshore, Judge.

---

Action by the Southern Tire & Accessories Company against E. W. Wilson. From a judgment for defendant R. H. Eggleston, as trustee in bankruptcy of the plaintiff, appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Charges 2 and 4 requested by plaintiff and refused by the trial court read:

(2) I charge you as a matter of law, gentlemen of the jury, whether in fact E. W. Wilson was a partner or not with C. R. Vann in the Day and Night Auto Repair Company, if he permitted himself to be held out as a partner, and plaintiff contracted with the firm of Day and Night Auto Repair Company on the faith that E. W. Wilson was a partner, in that event E. W. Wilson would be liable, and you must find a verdict in favor of the plaintiff.

(4) If the jury is reasonably satisfied from the evidence that E. W. Wilson permitted himself to be held out as a partner in the firm of Day and Night Auto Repair Company, whether in fact he was a partner or not, and the plaintiff contracted with the firm on the faith that he was a partner, and sold and shipped Day and Night Auto Repair Company the goods, wares, and merchandise which are the foundation of this suit, then E. W. Wilson is liable in this action, and you should return a verdict in favor of the plaintiff.

W. S. Smith, of Lineville, for appellant.

A scintilla of evidence takes the issue to the jury. 204 Ala. 297, 85 South. 535; 18 Ala. App. 113, 89 South. 827; 172 Ala. 604, 55 South. 801; 144 Ala. 316, 39 South. 374; 17 Ala. App. 280, 84 South. 628; 57 South. 50. In actions against partners, parties will be held to be partners, as to creditors, upon slighter proof than is necessary to establish the relation between themselves. 9 Ency. Ev. 553; 114 Ala. 647, 22 South. 24; 80 Ala. 136; 12 Ala. 788. Proceedings before a justice of the peace should be proven by the docket or papers themselves, or by certified copies thereof, and parol evidence is not admissible to contradict or vary same. 22 C. J. 968; 95 Ala. 9, 11 South. 308; 18 Ala. 105; 63 Ala. 19; 17 Ala. App. 229, 84 South. 563. The appellee was liable to appellant if, at the time the debt was contracted, he permitted himself to be held out as a partner, whether in fact he was a partner or not. 96 Ala. 222, 11 South. 390; 85 Ala. 19, 4 South. 639; 95 Ala. 101, 10 South. 394; 132 Ala. 253, 31 South. 81, 90 Am. St. Rep. 907; 78 W. Va. 76, 85 S. E. 22.

Lackey, Pruet & Glass, of Ashland, for appellee.

The affirmative charge should be given, if the evidence is not sufficiently strong to warrant the jury in rendering a verdict for the plaintiff. 5 Mayf. Dig. 150; 6 Mayf. Dig. 104; 172 Ala. 604, 55 South. 801; 94 U. S. 278, 24 L. Ed. 59; 22 Wall. 122, 22 L. Ed. 780; 1 Wall. 369, 17 L. Ed. 642.

McCLELLAN, J.    Action on account, account stated, and for goods, etc., sold, instituted by the Southern Tire & Accessories Company (now a bankrupt) against E. W. Wilson, individually and as a member of the firm styled "Day and Night Auto Repair Company." The trial court gave the general affirmative charge for the defendant.

[1] That the goods described in the evidence were sold by the tire company to the concern styled as stated was established. The issue chiefly contested was whether E. W. Wilson was a partner with one Vann in the so-styled firm. There was evidence tending to show that Wilson was a partner with Vann in that concern. Not only was there positive testimony through Wilson's declarations, designed to show that to have been his relation to the enterprise, but also circumstances, including his own acts, among them the renting of a place to conduct the business, its conduct therein, and the payment of indebtedness incurred by the concern, which consisted alone with that relation, were disclosed by phases of the evidence. Paterson v. Mobile Steel Co., 202 Ala. 471, 80 South. 855; Cain Lumber Co. v. Standard, etc., Co., 108 Ala. 346, 18 South. 882. The court erred in giving the general affirmative charge at defendant's instance. Under the evidence, the plaintiff was not due the affirmative instruction. The practice pursued in granting defendant's motion to exclude all of plaintiff's evidence has been repeatedly condemned here. McCray v. Sharpe, 188 Ala. 375, 66 South. 441, and Stewart v. Ransom, 200 Ala. 304, 76 South. 70, among many others. In this jurisdiction such an instruction cannot be properly given when there is any evidence or reasonable inference from evidence tending to establish the theory against which the instruction would conclude. The books abound in illustrations of this rule.

[2] Upon the introduction of testimony tending to show that Wilson was a partner, the orders for the goods would have been admissible in evidence. In excluding these orders the court doubtless gave effect to the view that at that stage no evidence had been introduced tending to show Wilson's relation as partner to the alleged firm.

[3, 4] The defendant could not be justly personally concluded, in any manner or degree by the proceedings in the attachment suit before the justice of the peace, culminating in a personal judgment, until the notice provided by law was shown to have been given him. There was no evidence of service of summons upon Wilson, and hence the court did not err in excluding the justice's judgment, purporting to conclude to personal liability of Wilson in an action against him, Vann, and the "repair company" on an account.

[5] Unless Wilson made or authorized to be made to Dunn and Bradstreet a report

or statement affirming or admitting his relation as a partner in the repair company, the conclusion of those agencies that he was a partner was inadmissible in evidence to support the affirmative of the issue of partnership vel non. The proffered testimony of mercantile custom to consult those agencies or their publications before selling to the trade was likewise inadmissible for the purpose of showing that, in making these sales, this seller relied upon such statements or reports of Wilson's relation as a partner.

[6, 7] The report of the appeal contains plaintiff's special requests for instructions numbered 2 and 4. They were refused. They were sound expositions of the principles, to which they refer. Cain Lumber Co. v. Standard, etc., Co., supra; Paterson v. Mobile Steel Co., supra. If on the trial to recur there is evidence tending to show that these sales were made in reliance upon that apparent relation of Wilson to the concern, the principles these special requests illustrate should be stated for the jury's advice.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes