EGGLESTON v. WILSON et al.    (7 Div. 462.)

(Supreme Court of Alabama.    April 17, 1924.)

1. Partnership ⬤⟿218(3)—Whether defendant was a member of firm and held himself out so as to be liable as such held for jury on conflicting evidence.

In an action for goods sold to a firm, whether defendant was a member of the firm, and whether he held himself out so as to subject himself to liability as such, *held* for jury, where the evidence was conflicting.

2. Trial ⬤⟿260(1)—Refusal of requested charges covered by oral charge not error.

Error cannot be predicated on refusal of charges which should have been given, but which were covered by the oral charge.

3. Trial ⬤⟿194(13)—Instruction held erroneous as invading province of jury.

In suit for goods sold to a firm, wherein defendant claimed he was not a partner, an instruction to find for plaintiff, if the creditor mailed defendant a statement of the account sued on, which was not returned, or no objection made within a reasonable time, defendant would be bound by it, as an account stated sought to fasten liability on defendant as a matter of law because thereof, and was erroneous as invading province of jury.

4. Partnership ⬤⟿218(2)—In suit for goods sold to firm, refusal of plaintiff's requested charge held erroneous.

In an action for goods sold to a firm, wherein defendant claimed not to be a partner, plaintiff's charge, predicated on evidence that, if defendant was to furnish capital in a venture, and another was to furnish labor, and profits were to be divided, that it would make them partners, and defendant would be liable for goods sold to the firm, was not abstract, and, not being fully covered in oral charge, its refusal was erroneous.

5. Trial ⬤⟿194(13)—Charges invading province of jury held properly refused.

In an action for goods sold to a firm, wherein defendant claimed he was not a partner, refusal of plaintiff's requested charges, which were equivalent to directing a verdict for plaintiff on evidence which presented a question for jury, were properly refused.

6. Justices of the peace ⬤⟿82(2) — Refusal to allow witness to contradict statement in return of service held proper.

The court properly refused to receive testimony of witness that he had served a justice court summons on defendant, not shown to have been served by the return, since it was in effect a contradiction of his return or failure thereof as shown by the process.

7. Evidence ⬤⟿179(2)—Secondary evidence of correspondence admissible after refusal or failure to produce on demand.

Secondary evidence of contents of correspondence was admissible after demand for production and refusal or failure to produce.

8. Partnership ⬤⟿50—Evidence that defendant denying partnership authorized witness to pay debts of partnership held admissible.

In an action for goods sold to a firm, wherein defendant claimed he was not a partner, evidence that he had authorized witness to pay firm's debts was admissible as showing his relation thereto.

9. Partnership ⬤⟿49—"Common reputation" inadmissible to establish partnership between individuals.

"Common reputation" is not admissible to establish existence of a partnership between individuals.

10. Partnership ⬤⟿37—Necessity of knowledge unnecessary, where personnel of partnership established by independent testimony.

If a partnership is established by independent testimony to have been composed of alleged members, necessity of knowledge to enable one dealing with it to hold its members liable is not required, for members are individually liable for partnership debts.

11. Partnership ⬤⟿37—Rule of notice inapplicable, where one dealing with partnership has no opportunity of hearing such notice.

Where liability of a partnership is sought to be imposed by estoppel, rule of notice is inapplicable to one dealing with partnership who has no opportunity of hearing such notice.

12. Partnership ⬤⟿50—Liability not imposed, unless member was dealt with on faith of his partnership connection, and, unless such condition is met, evidence of reputation is inadmissible.

One seeking to impose a partnership liability on another because of holding out must have dealt with partnership on faith that other was a member, and, unless that condition is met, evidence of reputation to show a holding out is not admissible.

13. Partnership ⬤⟿50—Matters provable by general reputation stated.

Where a partnership liability is shown to exist by independent testimony, general reputation is competent to impute a probable knowledge to alleged partner residing in community that he was being held out as partner, or to a creditor in that community of such holding out, or that there had been a dissolution after one had existed.

14. Partnership ⬤⟿50—Evidence of common reputation that defendant was regarded as partner held admissible.

In an action for goods sold to a firm, wherein defendant claimed he was not a partner, evidence of common reputation in that neighborhood was competent as tending to show that

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

defendant knew that his alleged copartner was holding him out as being a partner.

**15. Partnership** ⊕⟹218(2)—**Instruction excluding inference that defendant held himself out as partner held erroneous.**

In an action for goods sold to a firm, wherein defendant claimed he was not a partner, giving of defendant's requested charge, which excluded inference which might be drawn from evidence that defendant held himself out generally as a partner, was erroneous.

**16. Partnership** ⊕⟹46—**Manner of establishing proof of partnership stated.**

Proof of partnership must be made by conduct, control, conversation, or other relevant facts showing relation, or that a person has permitted himself to be treated as a partner.

Appeal from Circuit Court, Clay County; George F. Smoot, Judge.

Action on common counts by R. H. Eggleston, as trustee in bankruptcy of the Southern Tire & Accessories Company, against E. W. Wilson, individually, and as a member of the firm of Day & Night Auto Repair Company. Judgment for defendants, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

These requested charges were refused to plaintiff:

"(3) If the jury believe the evidence, you must find a verdict for the plaintiff under count 3 of the complaint."

"(9) If the jury believe the evidence in this case, you must find a verdict in favor of the plaintiff and against the defendant, E. W. Wilson, individually, and doing business under the firm name and style of Day & Night Auto Repair Company."

"(10) I charge you, gentlemen of the jury, that, if you are reasonably satisfied from this evidence that Vann was to furnish the labor, and Wilson was to furnish the capital in the Day & Night Repair Company, and then they two were to divide the profits of the business, if any, that that would make them partners, and Wilson would be liable to plaintiff in this suit for the goods bought by Vann from Southern Tire & Accessories Company."

"(15) The jury are instructed that a stated account established prima facie correctness of the items of the account, and, unless this presumption is overcome by proof of mistake or error, it becomes conclusive, and plaintiff is entitled to recover the amount sued for with interest thereon."

"(16) The jury are instructed that, if you are reasonably satisfied from the evidence that the Southern Tire & Accessories Company, or its agent, made out a statement of the account sued upon, and mailed it to E. W. Wilson, and the said Wilson retained it, and made no objection within a reasonable time, he will be bound by it as an account stated, and you must find a verdict in favor of plaintiff."

These charges were given at defendant's request:

"(1) The court charges the jury that, unless you are reasonably satisfied from all evidence in this cause that E. W. Wilson, in fact a partner of C. R. Vann, doing business under the partnership name of Day & Night Auto Repair Company, or that E. W. Wilson told the salesman of the plaintiff that he was a partner of said C. R. Vann at the time of or prior to the time the goods were shipped by plaintiff to the Day & Night Auto Repair Company, your verdict must be in favor of the defendant."

"(3) The court charges the jury that the burden of proof is on the plaintiff to reasonably satisfy you from a consideration of all the evidence that Wilson was in fact a partner with Vann; or that he held himself out to the plaintiff as such a partner; and that you cannot consider statements made by Wilson which were never communicated to plaintiff in determining whether Wilson held himself out to plaintiff as a partner of said Vann."

Walter S. Smith, of Lineville, for appellant.

Where an account is rendered by one person to another, the retention of the same by the latter beyond a reasonable time without objection is evidence of his assent to the correctness of the account, and is evidence of an account stated. 1 C. J. p. 691; Syson v. Hieronymous, 127 Ala. 482, 28 South. 967; Loventhal v. Morris, 103 Ala. 332, 15 South. 672; Rice v. Schloss, 90 Ala. 416, 7 South. 802; Sloan v. Guice, 77 Ala. 394; Burns v. Campbell, 71 Ala. 271; Hirschfelder v. Levy, 69 Ala. 351; Langdon v. Roane's Adm'r, 6 Ala. 518, 41 Am. Dec. 60. A judicial record imports absolute verity and is conclusive as to the matters to which it relates. 22 C. J. p. 968; Ex parte Davis, 95 Ala. 9, 11 South. 308; Hitt Lbr. Co. v. Turner, 187 Ala. 56, 65 South. 809. Evidence that a person has the general reputation of being a partner in a firm may be admissible. 30 Cyc. 407. One may become liable to third persons as a partner if he be a real partner, or if he permit himself to be held out as such. Ala. Fert. Co. v. Reynolds, 85 Ala. 19, 4 South. 641; Alexander v. Handley, 96 Ala. 222, 11 South. 390; Owensboro Wagon Co. v. Bliss, 132 Ala. 253, 31 South. 83, 90 Am. St. Rep. 907. Whether a definitely proven agreement between parties constitute them partners, is a question of law to be decided by the court. Peck v. Lampkin, 200 Ala. 132, 75 South. 580.

A. L. Crumpton, of Roanoke, for appellees.

The judgment rendered against appellant in justice court was inadmissible in this case. Eggleston v. Wilson, 208 Ala. 167, 94 South. 108. Counsel argue other questions, but without citing additional authorities.

THOMAS, J. This is the second appeal. Eggleston v. Wilson, 208 Ala. 167, 94 South. 108.

---

⊕⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The suit was on account, account stated, etc. It was alleged by way of replication to defendant's pleas that defendant Wilson held himself out to plaintiff as a partner in the business conducted in the name of Day & Night Auto Repair Company, the purchaser of the merchandise in question, and on said representation plaintiff relied in making sales thereof.

The issues of fact are somewhat similar to those on which the trials were had in Sorrell v. Scheuer, 209 Ala. 268, 96 South. 216, and Tennessee Valley Bank v. Valley View Farm (Ala. Sup.) 97 South. 62.[1] Defendant Wilson did not dispute the fact that plaintiff sold the goods in amounts and values claimed to the Day & Night Auto Repair Company, admitted that "there was no contest as to the indebtedness" of the Auto Repair Company to plaintiff, and that the amount due at the time was $966.21.

[1] The evidence being in conflict on the questions (1) whether or not Wilson was a member of said partnership, and (2) whether or not he held himself out in such wise as to subject him to a partnership liability, they are jury questions. Affirmative charges requested by plaintiff were properly refused. McMillan v. Aiken, 205 Ala. 35, 40, 88 South. 135.

[2, 3] Refused charges 6 and 7 should have been given. However, they were covered by instructions contained in the oral charge. So, also, were refused charges 11 and 13. Charge 16, requested by plaintiff, was properly refused. It was an invasion of the province of the jury. There was a tendency of evidence to the effect that Wilson was not a debtor of plaintiff, or a member of the partnership, and the charge sought to fasten liability upon him as a matter of law, merely because plaintiff mailed to him a statement of account which was not thereafter returned, or no objection made within a reasonable time. Such action on Wilson's part, if he received the statement, might be considered by the jury, with the other evidence, in determining whether he was indebted to plaintiff or liable as upon a partnership debt. It was within the province of the jury to decide whether such statements were received by Wilson, and, if so, whether his silence was a sufficient admission of his dereliction or liability to plaintiff, when considered with the other evidence, on which to return a verdict against him.

[4] Plaintiff's refused charge 10 was not abstract. The account on which suit was brought was contracted in October and November, 1919, after plaintiff's salesman visited the place of business of the partnership. That salesman testified that during the month of October, and before the sales were made to the Day & Night Auto Company, he saw C. R. Vann, and the latter represented

[1] 210 Ala. 123.

to him that E. W. Wilson, the defendant, was his partner, doing business under said firm name, and that fact was confirmed by Wilson. The witness said that he "went to see Mr. E. W. Wilson about credits on this goods. He told me that he was to put up all the money and Vann was to be the mechanic and run the place"; and that Wilson would pay for goods purchased by Vann, and further stated or admitted that he was a partner in the business. These inferences of fact may be found in defendant's answers to interrogatories propounded under the statute and offered in evidence; that he (Wilson) was to furnish Vann the "necessary money," and the latter had agreed to pay Wilson one-half of the amount he (Vann) took in until he paid $1,000. In the refusal of plaintiff's charge 10 reversible error was committed, as it was not fully covered in the oral charge.

[5] As has been indicated, a jury question was presented by the conflicting tendencies of evidence—that tending to show plaintiff duly addressed and mailed a statement of the account on which the suit is brought and wrote letters to defendant Wilson requesting payment of the indebtedness, and no reply was made by defendant; that for defendant to the effect that the same were not duly addressed to him or received, and that he did not get any mail from the office or mail route shown to have been employed by plaintiff for foregoing communications to defendant. Hence charges 3, 9, and 15, requested by plaintiff, were properly refused.

[6] It was indicated on former appeal that the judgment rendered in justice court in attachment, culminating in personal liability, was properly excluded when offered as evidence in the circuit court; no service of the summons was shown by the return to have been made upon the defendant Wilson. The court properly refused to allow A. C. Ford, to testify that he served the process on Wilson, since this was, in effect, a contradiction of his return or failure thereof shown by the process.

[7, 8] After the demand for production of correspondence between plaintiff and defendant, and refusal or failure to produce, secondary evidence was permissible of the contents of said documents that were material. Sorrell v. Scheuer, 209 Ala. 268, 96 South. 216. In the opinion rendered on first appeal it is pointed out that the activities of defendant Wilson as to renting and actual possession of the property at and before the attachment, the payment of partnership debts, etc., were competent as evidence. The witness Bell should have been permitted to testify that Wilson authorized him to pay other debts of the partnership. Such evidence tended to shed light on the relations of Wilson and Vann as to the business conducted under the firm name.

Plaintiff sought to show that by "common repute" or "common report" defendant was regarded as a member of the partnership. In this connection it is pertinent to inquire if defendant's given charges 1 and 3 unduly limited the plaintiff in the nature and degree of proof he might offer under the two issues of fact being tried.

[9] The cases in this jurisdiction declare in general terms (1) that, if an actual partnership exists, that fact is sufficient to charge its members with a partnership liability, without regard to what may have been the reputation or common report in that community as to whether or not a designated person was a partner therein; and (2) that, where it is sought to impose a partnership liability by way of an estoppel, the party sought to be subjected to such liability (A) must have "held himself out as a partner," and (B) he who seeks to so hold that other liable for holding himself out as a partner must have dealt with the partnership upon the faith of such other person being a member thereof. It follows that "common reputation" is not admissible to establish the existence of a partnership between individuals. Carter, Hogan & Plowman v. Douglass, 2 Ala. 499, Clark v. Taylor, 68 Ala. 453, and Humes v. O'Bryan & Washington, 74 Ala. 64, 81, were actions against an alleged partnership on account. 30 Cyc. 407. Cont. R. & B. Co. v. Smith, 76 Ala. 572, 52 Am. Rep. 353, was an action against an alleged partnership for negligence in operating a boat; Knard v. Hill, 102 Ala. 570, 574, 15 South. 345, an action for damages against individuals alleged to have been members of the partnership charged with negligence; Weil Bros. v. Hanks, 201 Ala. 39, 77 South. 333, an action for damages for breach of contract by an alleged partnership in the sale of cotton. In Lewis v. Post & Main, 1 Ala. 74, Marble & Son v. Lypes & Co., 82 Ala. 322, 2 South. 701, and Tanner & De Laney Eng. Co. v. Hall, 86 Ala. 305, 5 South. 584, holdings were that the evidence was inadmissible against one sued as a partner when he has denied that fact, etc. The same announcement of the rule of evidence is contained in First Nat. Bank v. Leland, 122 Ala. 289, 296, 25 South. 195 (action on bill of exchange, and the pleas were of coverture); St. Louis, etc., Co. v. McPeters, 124 Ala. 451, 27 South. 518 (action on account against an alleged surviving member of a partnership, and the plea was set-off); Owensboro Wagon Co. v. Bliss, 132 Ala. 253, 260, 31 South. 81, 90 Am. St. Rep. 907 (common counts against alleged partners and pleas denied the existence of the partnership and sought to set up a corporate existence, or de facto corporate operation thereof). These three cases last cited are said to contain dicta on this rule of evidence. It is unnecessary to decide whether the same was dicta. 30 Cyc. 407; L. R. A. 1918D, 505, 506. In Guin v. Grasselli Chem. Co., 197 Ala. 117,

72 South. 413 (suit in assumpsit, and plea of non est factum), it is declared that "the existence of partnership cannot be proved by general repute; yet, when the fact is otherwise established, general notoriety in the neighborhood may be proved as competent evidence, to charge a resident in such community with knowledge of it." And in Reeves v. Jordan, 197 Ala. 64, 70, 72 South. 322, 325, the declaration is contained:

"In reaching this conclusion we have given careful attention and study to only the legal evidence in the case, leaving out of view the testimony of those witnesses who testified only as to their general understanding or opinion concerning the partnership."

[10, 11] If the partnership is established by independent testimony to have been composed of the alleged members, the necessity of knowledge thereof, to enable one dealing with the partnership to hold its members liable, is not required, for members are subject to individual liability for partnership debts under the terms of law having application. The statements contained in Humes v. O'Bryan & Washington, 74 Ala. 64, 81, and Cent. R. & B. Co. v. Smith, 76 Ala. 572, 52 Am. Rep. 353, that where "a partnership is shown to exist by independent testimony, it is then competent to prove a general reputation or common report of its existence, in order to impute a probable knowledge of such fact to a plaintiff," and that "for a like purpose, the notoriety of a dissolution may be shown to charge one with notice of such fact," and that "perhaps the same rule might apply, as contended, to the nonexistence of a partnership," were no doubt referring to a "partnership liability" by way of an estoppel (Weil Bros. v. Hanks, 201 Ala. 39, 77 South. 333; Meharg Liquor Co. v. Davis, 189 Ala. 483, 66 South. 576; Marble & Son v. Lypes & Co., 82 Ala. 322, 2 South. 701), and not to the liability imposed by law upon a partner (L. R. A. 1918D, 511, note). Therefore, where the liability is sought to be imposed by way of an estoppel, this rule of notice does not apply to one dealing with a partnership and who has no opportunity of having or hearing of such notice—as one who is a nonresident or who is not within the influence of the "common repute" in that neighborhood as to the conduct of business by the alleged partners. Humes v. O'Bryan & Washington, 74 Ala. 64, 81; Cent. R. & B. Co. v. Smith, 76 Ala. 572, 578, 52 Am. Rep. 353; Guin v. Grasselli Chem. Co., 197 Ala. 117, 72 South. 413; McAleer v. People's Bank, 202 Ala. 256, 259, 80 South. 94.

[12, 13] It is then established by this court "that one seeking to impose a partnership liability upon another because of so holding out shall have dealt with the partnership (1) upon the faith that the other was a member" (Marble & Son v. Lypes & Co., 82 Ala. 322, 2 South. 701; Tanner & De Laney Eng. Co. v. Hall, 86 Ala. 305, 5 South. 584; Knard v.

Hill, 102 Ala. 570, 15 South. 345); (2) unless "that condition is met, there is no question as to the admissibility of evidence of reputation to show a holding out" (Knard v. Hill, 102 Ala. 570, 574, 15 South. 345, 347; Tanner & De Laney Eng. Co. v. Hall, 86 Ala. 305, 5 South. 584; Meharg Liquor Co. v. Davis, 189 Ala. 483, 66 South. 576; Marble & Son v. Lypes & Co., 82 Ala. 322, 2 South. 701); (3) that, where a partnership liability is shown to exist by independent testimony, it is then competent to prove general reputation in order to impute a probable knowledge to (A) the alleged partner residing in the community that he was being so held out as partner (Knard v. Hill, supra), or to (B) a creditor in that community of such holding out as partner (Tanner & De Laney Eng. Co. v. Hall, supra), or (C) to a creditor in that community that there had been a dissolution of the partnership, if one had existed (Humes v. O'Bryan & Washington, 74 Ala. 64, 81; Cent. R. & B. Co. v. Smith, 76 Ala 572, 52 Am. Rep. 353; McAleer v. People's Bank, 202 Ala. 256, 80 South. 94). See, also, Alexander v. Handley,. Reeves & Co., 96 Ala. 220, 11 South. 390.

[14] Evidence of common reputation in that neighborhood (1) was not competent evidence to show that plaintiff (not of that community) had notice of the members of the partnership, but (2) was competent as tending to show that defendant knew that Vann was holding him out as being a partner. There was reversible error in the exclusion of the evidence.

[15] The tendencies of the evidence before the jury were threefold, viz.: (1) That defendant Wilson was a partner in said firm before and at the time the credit was extended it by plaintiff; (2) that defendant held himself out generally as a partner with a knowledge of the fact that the partnership was being dealt with on the faith of his being a member; and (3) that defendant so acted, and that statements made by him to plaintiff's salesman, with reference to the particular sales to be made to the partnership, were such as to estop him from denying his liability as a partner. It was therefore error to give, at defendant's request, charge 3. It excluded the inference that might be drawn from the evidence—that defendant held himself out generally as a partner. That is to say, that he was estopped from denying (A) that he did not know he was being held out by Vann as a partner, or (B) that plaintiffs' agent making the sale did not deal with the partnership, in taking the order, on the faith that Wilson was a member thereof. That sales agent (Riddle) of plaintiff had the right to act in the premises, though he did not "communicate to plaintiff" what statements Wilson had made to him.

[16] For the purpose of another trial, we may add that proof of a partnership, and who compose it, must be made, as other material facts are proved, by conduct, control, conversation, or other relevant facts showing the relation, or that a person has permitted himself to be trusted and treated as a partner, may be shown as we have indicated. Such are among the pertinent questions by which partnership liability is established. Alexander v. Handley, Reeves & Co., 96 Ala. 220, 11 South. 390; Rabitte v. Orr, 83 Ala. 185, 3 South. 420; Wright v. Powell, 8 Ala. 560; Peck v. Lampkin, 200 Ala. 132, 75 South. 580; 30 Cyc. 415, 416.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.