PRYOR v. HALE–HALSELL GROCERY CO. et al.

In re CLOW.

No. 1270.

Circuit Court of Appeals, Tenth Circuit.

Jan. 9, 1936.

996

Charles P. Gotwals and John T. Gibson, both of Muskogee, Okl. (James D. Gibson, Wm. A. Killey, both of Muskogee, Okl., on the brief), for appellant.

Wallace Wilkinson, of McAlester, Okl. (Chas. H. Hudson, of McAlester, Okl., and W. T. Anglin and Alfred Stevenson, both of Holdenville, Okl., on the brief), for appellees.

Before LEWIS, PHILLIPS, and Mc-DERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

M. L. Clow, a resident of Holdenville, Oklahoma, was adjudged a bankrupt upon an involuntary petition.

W. W. Pryor filed three claims against the bankrupt estate for $2,951.82, $8,463.-14, and $4,109.00 respectively, evidenced by notes signed by Clow, which Pryor alleged represented amounts due to him from Clow for money loaned. Objections to the claims were filed by Hale-Halsell Co., Alice L. Hamilton and Laura Hamilton Badger, general creditors of the bankrupt, on the ground that Pryor was, or had been a partner of Clow, and not having given notice of a dissolution of the partnership, was not entitled to participate in the fund held by the trustee as a result of the liquidation of the assets of Clow.

After a hearing, the referee made an order disallowing the claims. Pryor filed a petition to review the order of the referee.

The District Court referred the matter to the referee to take further evidence, and to determine how and when the claims of Pryor originated, when he became a partner, the extent of his interest and when he withdrew, what debts had been proved which existed at the time of Pryor's withdrawal, whether he gave notice of withdrawal from the partnership, and if not, the debts which had been proved, which were incurred after his withdrawal, and the claimants who had notice of such withdrawal.

Further evidence was taken, and the referee made a report in which he found that Pryor became a partner on or about August 9, 1926, and withdrew from the partnership on or before May 31, 1931; that no notice of dissolution was given and the only creditor who had notice of Pryor's withdrawal, prior to the time its debt was incurred, was the Farmers National Bank.

Pryor filed objections to the report of the referee on the ground that the competent evidence was insufficient to support the finding of a partnership between him and Clow. The court entered an order confirming the order of the referee in all respects, except that the claims of Pryor and the Farmers National Bank were allowed subject and inferior to the claims of other creditors.

Pryor has appealed. The only question presented here is whether the finding of the referee, that Pryor was a partner of Clow, is supported by the evidence.

Clow had been a chain store manager. In 1926 he borrowed $5,600 from Mr. Boles, and $1,200 from the bank to purchase a store. The notes evidencing such indebtedness were endorsed by Pryor. Subsequently thereto, Clow purchased the store from one Pever for $2,800. At about the same time, Clow leased a store room from Alice L. Hamilton and Laura Hamilton Badger. In 1927, Clow and Pope purchased a store in Holdenville. Clow purchased Pope's interest in that store in the early part of 1931. Clow also operated a store in Wewoka, Oklahoma, which he liquidated in January, 1931.

Clow testified that Pryor, from time to time, loaned him money, and on several occasions had to pay balances on notes which Pryor had endorsed for him; and that the notes filed as claims in this proceeding, represented such advances; that Pryor was at no time a partner in the business, but that he, without Pryor's consent or knowledge, had listed Pryor as a partner on financial statements to the banks to satisfy the bank examiner. He denied, that other than in the statements to the banks he had ever stated to any one that he and Pryor were partners.

Pryor testified that he was not, and had never been a partner of Clow's and had never authorized Clow to hold him out as such; that he did not authorize Clow to list him as a partner on the financial statements to the banks, and had no knowledge that Clow had done so; that he had endorsed notes for Clow and had made loans to him; and that the claims filed represented such advances and amounts which he paid on notes which he had endorsed for Clow.

White, president of the Farmers Bank, testified that in May 1931, Pryor, when he was renewing some notes, said "For me not to let the papers get any larger, that

he was out of the Clow Store, had sold his interest and wouldn't be responsible for any extension of credit." On cross-examination he qualified this statement by stating that Pryor told him "he wouldn't be responsible for any increased indebtedness." He further testified that Clow told him "he had bought out Mr. Pryor earlier in the year and was then the sole owner of the business."

Wakeman, an attorney in Holdenville, testified that he interviewed Clow for R. G. Dun & Co. in regard to the Clow Stores, and was advised by Clow that he and Pryor owned one store equally, and the other store was owned by him, Pryor and Pope.

Badger testified that in August, 1932, Clow told him Pryor used to own an interest in the store.

Clark, a salesman for Hale-Halsell Co., testified that in January, 1931, he was taking an order from Pope and Pope said, "Come here and meet Judge Pryor, the silent partner," and he thought, but did not know that Pryor heard the statement.

It is well settled that the declarations or admissions of one member of an alleged partnership are incompetent to prove that another person was also a member of the partnership, unless made in the presence of the latter. First Nat. Bank v. Hall, 174 N.C. 477, 93 S.E. 981; Collinsworth v. Ironton Lbr. Co., 203 Ky. 419, 262 S.W. 592; Guin v. Grasselli Chemical Co., 197 Ala. 117, 72 So. 413; In re Schultz's Estate, 196 Iowa, 125, 194 N.W. 242; Hely v. Hinerman, 303 Mo. 147, 260 S.W. 471. Such declarations are only admissible after a prima facie showing of partnership has been made by other evidence. Call v. Linn, 112 Or. 1, 228 P. 127. In Rowley on Modern Law of Partnership, vol. 2, § 889, the rule is stated as follows:

"Where the existence of a partnership is denied, and there is no evidence of its existence, the statement of a partner binds no one but himself, but this rule has no application where there is other testimony establishing the existence of a partnership. And if the existence of the alleged partnership be prima facie established by evidence other than such declarations, then the acts, declarations, and admissions of each may be proved to strengthen such prima facie case."

Clow's alleged statements to White, Badger and Wakeman and the financial statements made by Clow to the banks, were incompetent to prove the alleged partnership between Pryor and Clow, unless and until it was established prima facie by other competent evidence.

White's testimony was equivocal. Clark's testimony went no further than to show Pryor did not deny a statement by Pope, which Pryor may not have heard. This we think was insufficient to make out a prima facie showing of a partnership.

Pryor testified that his statement to White was that Pope had sold out to Clow and he was through financing Pope and Clow. Pryor denied hearing Pope's statement testified to by Clark.

We conclude that the finding of a partnership was not supported by, and was contrary to, the competent evidence.

The judgment is reversed with directions to allow Pryor's claims as general claims with the right to participate in the fund held by the trustee on an equal footing with the other general creditors.