**KATZ EXCLUSIVE MILLINERY, Inc.
v. REICHMAN et al.**

No. 7451.

United States District Court
W. D. Missouri, W. D.

Feb. 18, 1953.

See also 107 F.Supp. 263.

**38**

Kemp, Koontz, Clagett & Norquist, Kansas City, Mo., for plaintiff.

Brenner, Van Valkenburgh & Wimmell, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

In the above case the witness, Nathaniel J. Sharlip, is a certified public accountant. The issue is the existence of a partnership. It is asserted by plaintiff that there is such a partnership, and it is denied by the defendants.

■ The witness was asked if certain books of an acknowledged partnership reflected another partnership. Clearly this would be expressive of an opinion, and the books themselves, if otherwise competent, would be the best evidence. Objections to the question were properly made.

■ A second question was: "Have you also at the request of the partnership set up a set of books for the clothing operation at 1120 Walnut Street?" There is no reason why the question should not be answered, for the reason that while it is well settled that the declarations or admissions of one member of an alleged partnership are incompetent to prove that another person was also a member of the partnership unless made in the presence of the latter yet such declarations are admissible after a prima facie showing of partnership has been made by other evidence. Pryor v. Hale-Halsell Grocery Co., 10 Cir., 80 F.2d 995, loc. cit. 997. If the acknowledged partnership made a request for the opening of books at the place where a partnership is denied, this would be some evidence of a partnership within the rule.

■ Another question was whether the business conducted at 1120 Walnut Street was conducted at a profit or a loss. This would be clearly immaterial on the question of a partnership as claimed by the plaintiff.

■ Another question sought of the witness information whether he had been advised that the operation at 1120 Walnut Street was carried on as an individual enterprise or as a partnership undertaking. This would be hearsay testimony.

■ Another question was whether the contracting party, Dave Reichman, ever discussed with the witness how the operation was to be carried on at 1120 Walnut Street. Until there was evidence of a partnership this question was condemned under Pryor v. Hale-Halsell, Grocery Co., supra.

■ Another question, "Will you tell me what your first conversation was with Mr. Reichman in that regard?" Since a partnership could not be proved by the statements of an individual alleged partner, the question was properly objected to.

It would follow that the only question that should be answered is the one as to whether the admitted partnership had requested that books be set up for the clothing operation at 1120 Walnut Street. The witness should answer that question as it would involve the act of all parties defendant in the case.